# **EXHIBIT A**

Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CFRA HOLDINGS, LLC | ) | Case No. 8:20-bk-03608-CPM |
| | ) | |
| | ) | *Jointly Administered with* |
| | ) | |
| CFRA LLC | ) | Case No. 8:20-bk-03609-CPM |
| CFRA TRI-CITIES, LLC | ) | Case No. 8:20-bk-03610-CPM |
| | ) | |
| Debtors. | ) | |

**DECLARATION OF NICOLE DURHAM-MALLORY IN SUPPORT OF
IHOP RESTAURANTS LLC, IHOP FRANCHISOR LLC, AND IHOP
LEASING LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, Nicole Durham-Mallory, state the following under penalty of perjury:

1. I am Director of Development for International House of Pancakes, LLC, in Glendale, California. In this capacity, I am familiar with the day-to-day operations, business, financial affairs, and books and records of IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC, and certain of their affiliates (collectively, "IHOP").

2. I am duly authorized me to make and submit this declaration (the "Declaration") in support of *IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC's Motion for Relief from the Automatic Stay* (the "Motion"), filed pursuant to sections 362 and 365 and of the Bankruptcy Code.[1]

3. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by IHOP or their professionals, upon

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

information learned from the review of relevant documents by me and people under my supervision or by professionals retained by IHOP, or based upon my opinion through my experience and knowledge of the operations of IHOP.

4.     Commencing in March 2020, CFRA notified IHOP of its intent to close its IHOP restaurants permanently in violation of the Franchise Agreements. As described more fully below, while there are force majeure provisions in the Franchise Agreements that may excuse the failure to perform certain obligations, that provision does not allow for permanent abandonment of the restaurants. Here, state executive orders did not *require* total and permanent closure but only restricted on-premises dining while permitting restaurants to serve guests through delivery, take-away, and curbside pick-up. Moreover, IHOP offered deferral of payment obligations, which CFRA chose to reject and also rejected IHOP's authorization for temporary closure during the COVID-19 pandemic. No other IHOP franchisee permanently closed all of its restaurants in connection with the Covid-19 pandemic as CFRA did here. This is not the situation of a franchisee relying upon the force majeure clause to excuse inability to offer certain menu items or failing to comply with other obligations required of franchisees flying the IHOP banner. The force majeure provision cannot allow a franchisee to walk away from all of its restaurants with a sign on the doors announcing to the world of "permanent closure," and then deny IHOP's right to terminate that agreement. The force majeure clause simply does not work this way.

5.     On April 16 & 17, 2020, following the discovery that CFRA shuttered its doors permanently, notified guests by a sign on the door of the permanent closure, and laid off all its restaurant employees, IHOP terminated each of the Franchise Agreements, triggering, among other things, IHOP's rights under the Franchise Agreements and related subleases to access the properties. Since that time the restaurants have remained closed, and CFRA has continued to

deny IHOP access to the restaurants refused to turn over the keys to the restaurants where CFRA is a sub-lessee, to among other things, allow IHOP to protect its brand, insure the restaurants are properly secured, that utilities have been safely turned off, that food is not rotting, that the properties are properly secured from any trespassers, and that rodent or insect infestations have not begun in the absence of attendance. Neither has CFRA turned over the equipment that it leases from IHOP. The current situation is intolerable to IHOP as a franchisor and, notwithstanding the nationwide effects of the Covid-19 pandemic, *has not been repeated* in connection with any other IHOP franchisee. Insofar as the Franchise Agreements and related leases were terminated prior to the Petition Date, as described more fully below, the Debtors have no legal or equitable interest in the Franchise Agreements or the leased properties or equipment. Further delay in permitting IHOP access continues to waste the value of IHOP's assets. In addition, IHOP continues to incur hundreds of thousands of dollars in lease, tax, and other obligations—including but not limited to $14,179.00 a week under the Leases with respect to the leased equipment and $112,539.38 a week under the Leases with respect to the leased real property—as the days pass without it being permitted to recover its property and premises. The requested relief is urgent.

6. The requested relief is particularly urgent because, although the 49 restaurants are ostensibly closed, the Debtors have continued to deny IHOP access to the properties where IHOP is the master tenant so that IHOP may mitigate expenses that continue to accrue and address any health and safety issues that may arise in connection with abandonment or improper shutdown, including but not limited to with respect to improper or incomplete shutdown, utilities that may continue to accrue expenses or may be improperly disconnected, abandoned or unrefrigerated food, trespassers, and/or rodent or insect infestation that may arise in an abandoned property. In

addition, IHOP continues to incur lease, tax, and other expenses in connection with the abandoned properties and has already paid certain amounts in delinquent taxes in connection with the Leases and expects to make a further tax payment on or about June 5, 2020, in connection with the Leases, which will bring the total expended on taxes alone to $159,961.17. While certain amounts owed to IHOP have been satisfied by a April 28, 2020, draw upon a letter of credit, IHOP estimates that the total amount owed to it as of May 6, 2020, is approximately $226,045.86, which does not include termination damages, lost royalties, or other amounts incurred in connection with CFRA's improper shutdown of the restaurants associated with the Franchise Agreements. Continuing closure of the restaurants constitutes an ongoing harm to IHOP's brand and its trademarks. In addition, obligations under the Leases continue to accrue at a rate of $14,179.00 a week with respect to equipment and $112,539.38 a week with respect to real property. No provision for any of these amounts, or amounts necessary to remediate the health and safety issues described above, appears to have been made in connection with the Debtors' debtor-in-possession financing budget.

7. It is common in the franchise industry that an unauthorized transfer of a franchisee is agreement is the basis for termination. That is because the franchising relationship requires a franchisee, an independent third party, to represent the IHOP brand to the public by way of its operations and management. Because the public often does not distinguish one franchisee from another within the IHOP system, the act of one franchisee can tarnish and negatively impact the entire system of independent business owners. A great deal of trust is entrusted to IHOP as franchisor in selecting franchisees, and consenting to transfers.

8. The Franchise Agreements supply no flexibility in connection with core principles, among which are the requirement of continued operations. It a bedrock of franchise

law and the restaurant industry that abandoning a restaurant, and announcing to the public that the restaurant is "permanently closed," warrants immediate termination of the franchise.

9. Of IHOP's 330 franchisees, none other than the Debtors have permanently closed their restaurants without IHOP's consent in connection with the Covid-19 pandemic, and none of unilaterally closed all their locations.

10. Attached hereto as Exhibit 1 is a true and correct list of the 49 restaurant locations implicated by the Franchise Agreements between the Debtors and IHOP.

11. Attached hereto as Exhibit 2 is a true and correct list of the 29 restaurant locations involving IHOP and the Debtors that implicate leases of real and personal property.

12. Attached hereto as Exhibit 3 is a representative example of a franchise agreement between IHOP and the Debtors.

13. Attached hereto as Exhibit 4 is a representative example of a sublease between IHOP and the Debtors.

14. Attached hereto as Exhibit 5 is a representative example of an equipment lease between IHOP and the Debtors.

15. Attached hereto as Exhibit 6 is a representative example of a franchise agreement between IHOP and the Debtors that includes variant terms with respect to default.

16. Attached hereto as Exhibit 7 is a representative example of an Addendum to Franchise Agreement that further modifies terms with respect to default.

17. Attached hereto as Exhibit 8 is a true and correct copy of the March 24, 2020, letter from CFRA to IHOP.

18. Attached hereto as Exhibit 9 is a true and correct copy of the March 25, 2020, letter from IHOP to CFRA.

19. Attached hereto as Exhibit 10 is a true and correct copy of the April 10, 2020, letter from counsel to CFRA's Lenders to IHOP.

20. Attached hereto as Exhibit 11 is a true and correct copy of IHOP's April 16, 2020, notice to CFRA terminating 28 of the Franchise Agreements.

21. Attached hereto as Exhibit 12 is a true and correct copy of IHOP's April 16, 2020, notice of default to CFRA with respect to 21 of the Franchise Agreements.

22. Attached hereto as Exhibit 13 is a true and correct copy of IHOP's April 17, 2020, notice to CFRA terminating 21 of the Franchise Agreements.

23. Attached hereto as Exhibit 14 is a true and correct copy of IHOP's April 25, 2020, supplying additional notice of termination with respect to all 49 Franchise Agreements and notice of termination with respect to all Leases (real property and equipment).

Dated: May 25 2020

By: _____
Name: Nicole Durham-Mallory
Title: Director of Development for IHOP

6