<u>Exhibit 5—Typical Equipment Lease</u>

L3

INTERNATIONAL HOUSE OF PANCAKES
EQUIPMENT LEASE

THIS EQUIPMENT LEASE ("Lease") is made and entered into by and between INTERNATIONAL HOUSE OF PANCAKES, INC., a Delaware corporation, hereinafter called "Lessor", and CAROLINA FAMILY RESTAURANT ASSOCIATES LIMITED PARTNERSHIP III, a North Carolina limited liability partnership, hereinafter called "Lessee".

WITNESSETH:

## I
## DESCRIPTION OF PERSONAL PROPERTY

Lessor hereby leases to Lessee, and Lessee rents from Lessor the restaurant fixtures, equipment and expendables, in accordance with that certain inventory taken and agreed upon by the parties and more particularly described in Exhibits "A" and "B" attached hereto and by this reference incorporated herein and made a part hereof as if set forth herein in its entirety (together with any replacements thereof or additions thereto, collectively, the "Personal Property"). During and after the term of this Lease, the Personal Property shall be and remain the sole property of Lessor.

## II
## USE OF PERSONAL PROPERTY

The Personal Property shall be used only at the INTERNATIONAL HOUSE OF PANCAKES restaurant (the "Premises" or the "IHOP Restaurant") more particularly described in that certain franchise agreement (the "Franchise Agreement") executed concurrently herewith by Lessee and Lessor (as "Franchisor") and that certain sublease (the "Sublease") executed concurrently herewith by Lessee and IHOP Properties, Inc., a California corporation ("Sublessor") and shall be used in conformity with the provisions of the Franchise Agreement and the Sublease.

## III
## TERM

The term of this Lease shall commence on the date of possession by Lessee of the IHOP Restaurant and continue for a term coincident with that of the Sublease executed concurrently herewith.

## IV
## RENT

Lessee shall pay to Lessor or Lessor's designee as rent for the use of the Personal Property each week during the term hereof the sum of $825.00, payable on Monday of each week following the week in which the Lessee shall take possession of the IHOP Restaurant. Lessee shall pay as additional rent any and all personal property taxes, sales and/or use taxes assessed against the Personal Property through the term hereof.



## V
## REPAIRS AND MAINTENANCE

Lessee shall, at its sole cost and expense, keep the Personal Property in good condition and appearance and shall make all repairs and refurbishment necessary for its preservation and maintenance. Lessee shall replace the Personal Property as needed, and the quantities thereof shall be maintained at levels equal to or greater than at the outset of this Lease, all as more particularly provided in the Franchise Agreement.

If at any time during the term hereof it shall be required by any governmental agency as a condition to doing business on the Premises that certain equipment be furnished or replaced according to plans and specifications prescribed by such agency, Lessee shall bear the cost of furnishing or replacing such equipment for his or her sole account and without reimbursement from Lessor.

Lessee shall be responsible for any damage to the Personal Property while in his or her possession and shall pay to Lessor or Lessor's designee the value of so much of it, or any part thereof, as may be damaged or destroyed. Upon the expiration of the term of this Lease or its termination pursuant to Article III hereof, Lessee shall promptly return the Personal Property to Lessor in as good condition as when received, reasonable wear and tear excepted, and in the quantities shown on Exhibits "A" and "B".

Should Lessee at any time during the term hereof fail to so maintain or repair the Personal Property as required by Lessor or should Lessee fail to pay any personal property tax, sales tax or use tax when due, Lessor may defray such expense from Lessee's account and Lessee shall reimburse Lessor therefor within ten days after being notified in writing of the nature and amount of such expenditure.

Lessor, and its affiliates or agents, may at any time enter the Premises to inspect the Personal Property and the manner in which it is being used, maintained and repaired.

## VI
## INSURANCE

Subject to any other requirement set forth in the Franchise Agreement or Sublease, Lessee will, at Lessee's sole cost and expense, cause to be obtained, and Lessee shall keep in force during the term of this Lease, "All Risk" property insurance and burglary insurance in such amounts equal to the full replacement value of the Personal Property, with loss payable to Lessor.

Notwithstanding the damage or destruction of the Lessee's Premises and/or the Personal Property, rent and taxes payable hereunder shall not abate, although the Premises are closed for restoration and/or the Personal Property is inoperative. In order to assure the payment of the equipment rent and taxes hereunder, Lessee hereby covenants and agrees to obtain business interruption insurance coverage, naming Lessor as a co-insured, that shall include an increment sufficient to cover the rent and taxes payable hereunder for at least 39 weeks, Lessee hereby further covenanting and agreeing to assign to Lessor the proceeds of any proof of loss under such business interruption policy to the extent of the rent and taxes payable hereunder for the period of the loss, together with any and all arrearages hereunder at any time.

## VII
## ASSIGNMENT

The Lessee shall not assign, pledge, loan, mortgage, sublet or part with possession of the Personal Property or attempt in any other manner to dispose thereof, or remove the Personal Property from its location, or suffer any

302                                        -2-

liens or legal process to be incurred or levied thereon or permit any other persons (the agents and employees of Lessee excepted) to use the Personal Property without first having obtained the written consent of Lessor.

## VIII
## REMEDIES OF LESSOR ON DEFAULT

Upon default in the payment of any installment of rent, upon a breach of any other condition of this Lease to be performed or observed by the Lessee, or if during the term of this Lease bankruptcy or insolvency proceedings are commenced by or against the Lessee, or if a receiver is appointed for the business of the Lessee, or if the Lessee discontinues business at his or her personal address, the Lessor shall have the right, in addition to all other remedies at law or in equity, without notice or demand, to terminate this Lease and to enter upon the premises and remove the Personal Property therefrom. Such termination shall neither release the Lessee from the payment of damages sustained by the Lessor, nor from the payment of any obligations theretofore accrued.

## IX
## WARRANTIES

Lessee acknowledges that Lessor is not the fabricator nor manufacturer of any of the Personal Property and Lessor makes no warranties of any kind or nature whatsoever with respect to the Personal Property. Lessor does hereby convey and assign to Lessee for the term of this Lease all of the warranties of fitness and merchantability, if any, and every other warranty of every kind or nature whatsoever, if any, which Lessor has received from the fabricators or manufacturers of the Personal Property. In the event that any of the Personal Property is defective, Lessee agrees to cooperate fully with Lessee to obtain such redress and recovery against the manufacturers or fabricators of such defective Personal Property as may be allowable pursuant to applicable law. Lessor shall have no further obligations in connection with such defects.

## X
## NOTICES

Any notice required or permitted to be given hereunder shall be in writing and shall be served upon the other party personally, or by registered or certified mail, with return receipt requested, postage prepaid. Any notice to Lessor shall be in duplicate. One copy shall be addressed to it at 450 N. Brand Boulevard, 7th Floor, Glendale, California 91203-2306, Attention: Legal Department, and the other copy shall be addressed to it at the regional office for the Lessor closest to the Premises. Any notice to Lessee may be addressed to him/her at the address of the Premises. Either party may designate another address at any time by appropriate written notice to the other.

## XI
## MASTER EQUIPMENT AGREEMENT

(Check One)

( ) This Lease is and shall be subordinate to the interest of _____ pursuant to a _____ and related documents between _____ and International House of Pancakes, Inc. or its predecessor in interest (hereinafter collectively referred to as the "Equipment Documents"), copies of which are collectively attached hereto as Exhibit "C" and incorporated herein by this reference. In the event Lessor defaults under the Equipment Documents, Lessee herein shall be granted the right to cure the defaults of Lessor and to assume the payments of Lessor thereunder, which may include the obligation of Lessee to make payments to _____ of approximately $_____ per month plus applicable sales tax.

(X) The parties hereto acknowledge that Lessor may enter into a financing arrangement, including a lease, with a third party lender to acquire the Personal Property. In that event, Lessee agrees that this Lease shall be subject and subordinate to an equipment agreement between Lessee and its third party lender or Lessor, and Lessee agrees upon request to execute documents, including but not limited to an amendment to this Equipment Lease and an assignment of lease rentals, as may be required by the terms of Lessor's financing arrangements.



Depending upon the terms of the financing arrangements, Lessee could be subject to loss of the Personal Property or this Lease in the event of a default by Lessor, or Lessee could be required to cure any default by Lessor to maintain Lessee's possession of the Personal Property at the Premises. Should Lessee be permitted to assume Lessor's obligations following a default by Lessor, the payments which Lessee would be required to make to the party which financed the Personal Property may be higher than the payments required under this Lease; additionally, a balloon payment may be required at the end of the financing period, which is typically five to seven years. Any such payments by Lessee would be in lieu of the payments required under this Lease and, while such payment could be higher and could require a balloon payment, they would be made only over a period of, typically, five to seven years, not over the duration of the franchise as is the case for this Lease between Lessor and Lessee.

**XII**
**ATTORNEY FEES**

If any action or proceeding, whether judicial or non-judicial, is commenced with respect to any claim or controversy arising from a breach of this Equipment Lease or seeking the interpretation or enforcement of this Equipment Lease, in addition to any other relief, the prevailing party or parties in such action or proceeding shall receive and be entitled to recover all costs and expenses, including reasonable attorney's fees and costs, incurred by it on account of, or related to such action or proceeding, including any appeal therefrom.

IN WITNESS WHEREOF, the parties have executed this Equipment Lease this _17th_ day of ꙮ ꙮ ꙮ ꙮ ꙮ , 2002.

Lessor:
**INTERNATIONAL HOUSE OF PANCAKES, INC.**

By: _____

Its: _Vice President – Franchise_

By: _____

Its: _Vice President – Legal_

Lessee:
**CAROLINA FAMILY RESTAURANT ASSOCIATES
LIMITED PARTNERSHIP III,**
a North Carolina limited partnership

By:    **CAROLINA FAMILY RESTAURANT
MANAGEMENT, INC.,**
General Partner

By: _____
Kevin Belverd, President