# Exhibit B

*In re Moeini Corp.*,
Case No. 17-4073, Order on IHOP's Motion for Relief From Stay [Dkt. No. 61]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MOEINI CORPORATION, | )   Case No. 17-4073 |
| | ) |
|     Debtor. | ) |

### ORDER ON IHOP'S MOTION FOR RELIEF FROM STAY

    This case is before the court on the motion for relief from stay (doc. 6) by IHOP Restaurants LLC and IHOP Franchisor LLC (collectively, "IHOP") requesting that the court determine that the automatic stay is not applicable to IHOP's franchise agreements with the debtor Moeini Corporation ("Moeini") because IHOP alleges it terminated those agreements prepetition. The court held a non-evidentiary hearing on the motion on December 4, 2017. Having considered the motion, the submissions of the parties, and the argument of counsel, the court will grant IHOP relief from stay to the extent set out below.

    Moeini operates three IHOP restaurants in this judicial district pursuant to three franchise agreements with IHOP. Moeini filed this chapter 11 bankruptcy on October 26, 2017, and IHOP filed its motion shortly thereafter.

    Prior to the bankruptcy filing, on September 27, 2017, IHOP sent Moeini's principal, Mehdi Moeini, a letter Notice of Termination related to the franchise agreements. In its letter, IHOP stated that Moeini was in material breach of its obligations under the agreements, that it had previously been informed of those breaches, that it had failed to timely cure, and that therefore its "Franchise Agreements are terminated effective **October 27, 2017**." (*See* doc. 6-15) (emphasis in original). IHOP gave Moeini a 30-day notice period to give Moeini time to "make arrangements to shut down and cease operation of the Moeini Restaurants and prepare to de-identify and de-brand." (*See* doc. 6 at p.5; *see also* doc. 6-1 at ¶23).

Moeini opposes IHOP's motion and contends that it can assume the franchise agreements as executory contracts under 11 U.S.C. § 365 because (1) the effective date of IHOP's termination of the franchise agreements was one day after the bankruptcy filing, and (2) IHOP's termination of the agreements was invalid in any event. The court discusses each argument in turn below.

I.  The effective date of the termination

"When, as here, a debtor's business is operated pursuant to a franchise, assumption of the franchise agreement and continued operation of the business pursuant to Chapter 11 is generally an important goal of the franchisee's bankruptcy." *In re Tornado Pizza, LLC*, 431 B.R. 503, 510 (Bankr. D. Kan. 2010). But

> when a franchise agreement has been terminated for cause prepetition and the termination process is complete with no right to cure when the petition is filed, the debtor does not have a property interest in the franchise on the date of filing and there is no executory contract to assume, even if on the date of filing the debtor remains in possession of the franchised business and continues to use the franchisor's trademark property. The bankruptcy filing does not resuscitate the terminated rights.

*Id.* at 510-11; *see also Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984).

IHOP informed Moeini on September 27, 2017 that its franchise agreements were terminated. All that remained was the passage of time, 30 days, until October 27. "There is no question that a contract that terminated completely prior to filing cannot be assumed. The same rule applies to a contract that expires by its own terms solely due to the passage of time after the bankruptcy is filed." *In re Tornado Pizza,* 431 B.R. at 515. "'If the franchise agreement expires by its own terms or by the mere passage of time after a debtor commences its bankruptcy case, the Bankruptcy Code does not somehow preserve the expired agreement.'" *Id.* (citation omitted). The fact that a termination may not be effective until after the filing date does not change this

2

result, if all that remains is the passage of time. *See id.*; *see also Moody*, 734 F.2d at 1213. Thus, if IHOP's termination of the agreements was valid, the agreements are not assumable executory contracts.

II.     The validity of the termination

Moeini argues that IHOP's purported termination of the franchise agreements was invalid pursuant to the terms of the agreements. Moeini states that by letter dated August 23, 2017, IHOP gave it 30 days to cure alleged operational defaults. The 30 days expired on September 22, 2017, but IHOP inspected the franchises two or three days before that date and each franchise failed its operational evaluation. Mr. Moeini disagrees with the failing grades on the operational evaluations and states in his affidavit that if IHOP had evaluated the franchises "at the end of the cure period, [the franchises] would have been in the passing range." (*See* doc. 57 at p.2).

The validity of the termination under the terms of the agreements is purely a state law issue. 28 U.S.C. § 1334(c)(1) permits a bankruptcy court to abstain from hearing a particular matter in favor of the state courts "in the interest of justice" or "in the interest of comity with State courts or respect for State law . . . ." The court may raise permissive abstention sua sponte. *See, e.g., In re Orlando Gateway Partners, LLC*, 555 B.R. 848, 853 (Bankr. M.D. Fla. 2016). The factors for the court to consider in this respect include:

1. The effect of abstention on the efficient administration of the bankruptcy estate;
2. The extent to which state law issues predominate;
3. The difficulty or unsettled nature of the applicable law;
4. The presence of a related proceeding commenced in state court;
5. The basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;
6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

8. The burden on the bankruptcy court's docket;

9. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

10. The existence of a right to a jury trial; and

11. The presence in the proceeding of non-debtor parties.

*In re Taylor Agency, Inc.*, 281 B.R. 94, 99 (Bankr. S.D. Ala. 2001).

The court finds that the factors weigh in favor of abstaining from the issue of whether IHOP's termination of the agreements was valid. "The issue as to whether the [agreements were] properly terminated is purely a state law issue that does not involve a bankruptcy issue. The only bankruptcy issue is whether a particular executory contract can be assumed. There must first be an executory contract." *In re Bradley*, No. BR13-41138-TLS (Bankr. D. Neb. Aug. 21, 2013). The agreements contain a California choice of law provision and an arbitration provision, the effects of which a state court is better equipped to decide. Furthermore, if IHOP is successful in any declaratory judgment, injunctive, or similar proceeding related to its termination of the agreements, the agreements will not even be property of the bankruptcy estate. *See id.* While there is currently no related proceeding pending in state court, Moeini only recently filed this bankruptcy case and "[i]t is quite feasible to sever the state law termination issues from the 'core' bankruptcy matter of assumption of an executory contract." *Id.* Accordingly, the court will abstain from hearing the issue of the validity of IHOP's termination of the agreements and will grant IHOP relief from stay to pursue that issue outside of this bankruptcy proceeding.

4

## Conclusion

To the extent the court has not specifically addressed any of the parties' arguments or evidence, it has considered those arguments and evidence and determined that they would not alter the result. For the reasons discussed herein, the court grants IHOP relief from stay to pursue its potential contractual remedies, including injunctive and monetary relief, against Moeini relating to the alleged termination of the franchise agreements. However, although it can liquidate its money damages, if any, IHOP remains stayed from seeking to collect such damages outside the bankruptcy proceeding without further order of this court. The 14-day stay of Bankruptcy Rule 4001(a)(3) shall not apply. The court denies without prejudice any other requested relief.

Dated: December 6, 2017

/s/ Hy A. Callaway
HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE