IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CFRA HOLDINGS, LLC | ) | Case No. 8:20-bk-03608-CPM |
| | ) | |
| | ) | *Jointly Administered with* |
| | ) | |
| CFRA LLC | ) | Case No. 8:20-bk-03609-CPM |
| CFRA TRI-CITIES, LLC | ) | Case No. 8:20-bk-03610-CPM |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING IHOP RESTAURANTS LLC,
IHOP FRANCHISOR LLC, AND IHOP LEASING LLC'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE
ALTERNATIVE, TO COMPEL REJECTION OF FRANCHISE AGREEMENTS**

Upon consideration of the motion (the "Motion") of IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC (collectively, "IHOP") for relief from the automatic stay and/or to modify the automatic stay to exercise its rights under certain franchise agreements with the above-captioned Debtors (the "Franchise Agreements"); any objections thereto having been overruled for the reasons stated on the record; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the pleadings, evidence and argument of counsel, and the Court having determined that (a) the Franchise Agreements and the Leases were terminated prior to the Petition Date, (b) the Franchise Agreements and the Leases (and the real and personal property implicated thereby) are not property of the Debtors' estate, and (c) accordingly, that the automatic stay under section 362 of the

Bankruptcy Code does not apply to the terminated Franchise Agreements or to the equipment or property affected by the Leases it is HEREBY:

ORDERED that the Motion to is GRANTED and IHOP is hereby authorized to enforce (through, if necessary, litigation in any appropriate forum) its post-termination rights under the Franchise Agreements, including, without limitation, enjoining the Debtors from using or infringing IHOP's trademarks, de-affiliating closed restaurants, compelling surrender of the subleased premises and leased equipment to IHOP so that IHOP can take control of the restaurants and protect its brand; and it is further

ORDERED that this Order shall be effectively immediately upon entry, and that the stay imposed by Fed. R. Bankr. P. 4001(a)(3) shall not apply to this Order; and it is further

ORDERED that IHOP s is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

                                               Honorable Catherine Peek McEwen
                                               United States Bankruptcy Judge