ORDERED.

Dated: May 26, 2020

_Catherine M<sup>c</sup>Ewen_
Catherine Peek McEwen
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | |
| CFRA HOLDINGS, LLC | Case No. 8:20-bk-03608-CPM |
| | Chapter 11 |
| | |
| | *Jointly Administered with:* |
| CFRA, LLC | |
| CFRA TRI-CITIES, LLC | Case No. 8:20-bk-03609-CPM |
| | Case No. 8:20-bk-03610-CPM |
| | |
| Debtors. | |
| _____/ | |

**ORDER AUTHORIZING THE DEBTORS (I) TO RETAIN
FOCUS MANAGEMENT GROUP USA INC. TO PROVIDE A
CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL
AND (II) TO DESIGNATE J. TIM PRUBAN AS THE DEBTORS' CHIEF
RESTRUCTURING OFFICER, *NUNC PRO TUNC*, TO THE PETITION DATE**

This matter came before the Court upon the Motion (the "**Motion**")[1] [Docket No. 20] of the above-captioned Debtors for entry of an Order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing the Debtors (i) to retain Focus Management Group USA Inc. ("**Focus**") to provide a CRO and additional personnel, as set forth in the Engagement

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Agreement, a copy of which is attached to the Motion as <u>Exhibit B</u> and (ii) to designate J. Tim Pruban ("**Mr. Pruban**") as the Debtors' CRO, *nunc pro tunc* to the Petition Date.

The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors assert that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors. Upon the Motion and the Pruban Declaration attached as <u>Exhibit C</u> to the Motion, it appears that neither Focus nor Mr. Pruban holds nor represents any interest adverse to the Debtors' estates; and it appearing that no further notice is necessary for purposes of entry of this Interim Order. The Court adopts the following procedure for the engagement of Focus on an interim basis. The Court will enter this order approving retention of Focus on an interim basis until a final hearing can be convened, at least twenty-one days post-petition, after notice to parties in interest and the United States Trustee. All objections will be preserved until the final hearing at which time the Court will review any such objections *de novo* and determine the merits of the Motion. This procedure complies with the requirements of Fed. R. Bankr. P. 6003, to the extent applicable.

Having reviewed the Application and the Pruban Declaration, the Court hereby **ORDERS** as follows:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The terms of the Engagement Agreement are reasonable terms and conditions of employment and are hereby approved.

3. The Debtors are authorized to retain Focus, *nunc pro tunc* to the Petition Date, to provide a CRO and the additional personnel, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the terms set forth in the Motion and the Engagement Agreement, subject to the following terms, which apply notwithstanding anything in the Motion or the Engagement Agreement to the contrary:

    (a) Focus and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

    (b) In the event the Debtors seek to have Focus personnel assume executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

    (c) Focus shall file with the Court with copies to the Notice Parties, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned and a summary chart that describes the services provided, identifies the compensation earned by each executive officer and staff employee, and itemizes the expenses incurred for the relevant period. Time records shall (i) be appended to the staffing reports and (ii) contain detailed time entries describing the tasks performed on a daily basis and the corresponding charges (time multiplied by hourly rate). Any party in interest shall have 14 days after the date each staffing report is filed and served on the Notice Parties to object to such staffing report. In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, all staffing and compensation shall be subject to review by the Court. Upon receipt of any objection, the Debtors shall deduct an amount equal to the amount objected to from the next weekly payments to Focus until such objection is resolved, either consensually or by Court order. For avoidance of doubt, the "Notice Parties" shall include those parties described in the Motion as well as the Debtors' pre-petition secured lenders and their counsel and IHOP Restaurants LLC, IHOP Franchisor LLC, and/or IHOP Leasing LLC and their counsel.

    (d) No principal, employee or independent contractor of Focus and its affiliates shall serve as a director of the Debtors during the pendency of the above-captioned cases.

  (e) Subject to the rights of parties-in-interest to object as set forth in paragraph (c) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Focus for fees and expenses incurred in connection with Focus's retention.

  (f) For a period of three years after the conclusion of the engagement, neither Focus nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtor(s).

  (g) Notwithstanding any provision of the Engagement Agreement to the contrary, Focus shall disclose any and all facts that may have a bearing on whether Focus, its affiliates, and/or any individuals working on the engagement have any interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, or other parties in interest by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

  (h) Notwithstanding anything in the Engagement Agreement to the contrary, the Debtors shall indemnify Focus and the CRO to the same extent as the most favorable indemnification it extends to its officers, directors and managers, whether under the Debtors' bylaws, their certificates of incorporation, or otherwise, and no reduction or termination in any of the benefits provided under any such indemnities shall affect the benefits provided to Focus and the CRO.

4. The Debtors are authorized, *nunc pro tunc* to the Petition Date, to appoint Mr. Pruban as CRO.

5. To the extent there is inconsistency between the terms of the Engagement Agreement, the Motion, and this Order, the terms of this Order shall govern.

6. Except as otherwise required by this Order, Focus shall not be subject to any order of this Court governing the procedures for interim compensation for professionals, and the Debtors are authorized to compensate Focus on a weekly basis in accordance with the terms of the Engagement Letter without further order of the Court. For avoidance of doubt, nothing

herein shall be construed as limiting the Court's authority to consider and approve any compensation for Focus in these Cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall conduct a further hearing (the "**Final Hearing**") to consider final approval of the Motion on **May 29, 2020 at 2:30 p.m.**, at the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

10. Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Motion, and any such objection will be considered on a *de novo* basis at the Final Hearing.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

(*Carmen Contreras-Martinez, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of this Order.*)