**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CFRA HOLDINGS, LLC | ) | Case No. 8:20-bk-03608-CPM |
| | ) | |
| | ) | *Jointly Administered with* |
| | ) | |
| CFRA LLC | ) | Case No. 8:20-bk-03609-CPM |
| CFRA TRI-CITIES, LLC | ) | Case No. 8:20-bk-03610-CPM |
| | ) | |
| Debtors. | ) | |

**FURTHER OBJECTION AND RESERVATION OF RIGHTS OF IHOP RESTAURANTS
LLC, IHOP FRANCHISOR LLC, AND IHOP LEASING LLC TO
DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM ORDERS
(A) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING
AND (B) AUTHORIZING DEBTORS TO USE CASH COLLATERAL**

IHOP Restaurants LLC,  IHOP Franchisor LLC, and IHOP Leasing LLC (collectively,

"IHOP") hereby make their further objections and reservation of rights (the "Further Objection")

in connection with the *Emergency Motion for Entry of Interim Orders (A) Authorizing Debtors to*

*Obtain Post-Petition Financing and (B) Authorizing Debtors to Use Cash Collateral* [Docket

No. 47] (the "DIP Motion") filed by CFRA Holdings, LLC and its debtor affiliates (collectively,

the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").  In support of

the Further Objection, IHOP states the following:

**Preliminary Statement**

Notwithstanding the fact that, prior to the Petition Date,[1] IHOP terminated its Franchise

Agreements and Leases with the Debtors, leaving them with little to sell and nothing to manage,

---

[1] Capitalized terms not previously defined shall have the meaning given them later in this Further
Objection.

the Debtors have proposed debtor-in-possession financing of $1 million and a sale process that implicates the sale of property in which the Debtors have no interest and can neither sell nor assume and assign without the consent of IHOP. The Debtors have not explained how they will circumvent this barrier or provided a budget beyond two weeks, on an interim basis, that demonstrates any capacity to satisfy existing administrative expenses or carry these Chapter 11 Cases to an efficient conclusion, even if the Franchise Agreements and Leases were found to be assumable and assignable. In this context, the Chapter 11 Cases, and the DIP Motion, are futile, and, at best, the Chapter 11 Cases are being administered solely for the benefit of the lenders. The DIP Motion should be denied.

### Background

1.      On May 6, 2020 (the "Petition Date"), each of the Debtors filed a petition under Chapter 11 of the Bankruptcy Code in this Court. Prior to the Petition Date, the Debtors were parties to 49 separate franchise agreements (the "Franchise Agreements") with IHOP, pursuant to which the Debtors operated IHOP restaurants in four states. At 29 of those locations, the Debtors were also parties to real-property subleases and equipment leases with IHOP (collectively, the "Leases").

2.      As detailed more fully in *IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC's Motion for Relief from the Automatic Stay* and the *Declaration of Nicole Durham-Mallory in Support of IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC's Motion for Relief from the Automatic Stay* filed therewith [Docket No. 65] (collectively, the "Stay Relief Motion") incorporated herein by reference in their entireties, the Debtors closed and abandoned all of the restaurants implicated by the Franchise Agreements in April 2020, without the consent of IHOP. In response, IHOP immediately terminated the

Franchise Agreements and the Leases.  Notwithstanding the effective terminations, the Debtors have continued to deny IHOP access to the restaurants, causing continuing and ongoing harm to the IHOP brand and its interests, while accruing in excess of $126,000 a week in unpaid obligations under the Leases.  IHOP has not even been granted access to the restaurants that it subleased to the Debtors in order insure the restaurants are properly secured, that utilities have been safely turned off, that food is not rotting, that the properties are properly secured from any trespassers, and that rodent or insect infestations have not begun in the absence of attendance. Consequently, the proposed DIP budget is wholly inadequate to provide for ongoing and accruing administrative expenses and other obligations of the Debtors under the Franchise Agreements and the Leases, including, without limitation, rent, taxes, and other obligations related to health, safety, cleaning, and maintenance of the affected properties.

3.      Notwithstanding the effective terminations of the Franchise Agreements and the Leases, the Debtors continue to behave as if they have property interests in these former assets that can now be somehow liquidated in the Chapter 11 Cases, as evidenced by the DIP Motion and the *Debtors' Motion for Entry of (I) an Order Approving Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof; and (II) Order(s) (A) Approving the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Sales Free and Clear of All Encumbrances, and (C) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 53] (the "Sale and Bid Procedures Motion"); however, neither of the foregoing motions account for, much less address, the termination of the Franchise Agreements and the Leases, the legal barriers to an assignment even if they were not properly terminated prepetition, or the funding mechanism to satisfy the administrative claims

that continue to accrue or the substantial cure costs that would exist *if* the agreements could be assumed and assigned.

4.      On May 18, 2020, the Debtors filed the DIP Motion on an emergency basis.

5.      On May 21, 2020, IHOP filed their *Objection of IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC to Debtors' Emergency Motion for Entry of Interim Orders (A) Authorizing Debtors to Obtain Post-Petition Financing and (B) Authorizing Debtors to Use Cash Collateral* [Docket No. 62] (the "Initial Objection").  The Initial Objection is incorporated herein by reference as if set forth in full herein.

6.      On May 21, 2020, the Court conducted a hearing with respect to the DIP Motion.

7.      IHOP and the Debtors have not agreed upon the final form of the *Interim Order (I) Authorizing the Debtors to Obtain Post-Petition Financing from Pre-Petition Lenders Pursuant to 11 U.S.C. § 364; (II) Granting Liens and Superpriority Claims Pursuant to 11 U.S.C. § 364; (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, and 363; and (IV) Granting Such Other and Further Relief that this Court Finds Equitable* (the "Interim DIP Order"), and the Interim DIP Order has not been submitted to the Court as of the date of this Further Objection.  IHOP reserves all rights with respect to the Interim DIP Order as it is eventually submitted but believes that it will, *inter alia*,  reserve the Initial Objection and schedule a further continued interim hearing with respect to requested relief for May 29, 2020, at 2:30 p.m.

**Further Objection and Reservations**

8.      In addition to the objections asserted in the Initial Objection, which include, without limitation, that (a) the Debtors' assignment for the benefit of creditors invalidates the filing of the Chapter 11 Cases or deprives the Chapter 11 Cases of the assets the Debtors purport to be able to sell pursuant to the Sale and Bid Procedures Motion; (b) the termination of the Franchise

Agreements and Leases prior to the Petition Date prohibits their disposition in the Chapter 11 Cases; (c) even if the Franchise Agreements had not terminated prior to the Petition Date, the Franchise Agreements may not be assigned pursuant to 11 U.S.C. § 365(c)(1) and federal trademark law; and (d) the debtor-in-possession financing budget makes no provision for the payment of ongoing administrative expenses in connection with the Leases owed to IHOP in an amount not less than $126,000 per week.  IHOP states the following objections to the DIP Motion and reserves its rights with respect thereto.

9.    Paragraph G.b. of the Interim DIP Order recites the Debtors' contention that the DIP Motion and the Sale and Bid Procedures Motion are "inextricably intertwined."  Nevertheless, insofar as no filings by the Debtors make any statements or references concerning the termination of the Franchise Agreements and Leases or detail the grounds for the Debtors' purported ability to assume and assign the agreements, IHOP's ability to address unknown contentions is limited. Discovery between the Debtors and IHOP is taking place this week on an expedited basis.  IHOP therefore reserves the right to address any and all arguments or positions put forth by the Debtors as they become clear.

10.    IHOP incorporates herein by reference the facts and law in the Stay Relief Motion in support of its position that the Franchise Agreements and Leases terminated prior to the Petition Date.

11.    In addition to its position, articulated in the Initial Objection, that the Bankruptcy Code and federal trademark law bar assignment of the Franchise Agreements without its consent, because of, among other reasons, IHOP's interest in protecting its brand and trademarks and the necessarily personal relationships between IHOP and its franchisees, the Franchise Agreements provide numerous restrictions upon and conditions to any attempt by the franchisee to assign the

agreement.  Among several other restrictions, a franchisee may not assign a franchise agreement without the consent of IHOP, must provide prior written notice of the proposed assignment, and may not assign an agreement where it is not otherwise in compliance with all obligations of the agreement (or related agreement) owed to IHOP.  *See* Franchise Agreement ¶ 11.03(a)(i), (ii), & (iv).  The Debtors have failed to comply with the requirements under the Franchise Agreements to effectuate an assignment and, absent IHOP's consent, cannot effectuate assignments as a matter of contract law.  Consequently, the relief sought in connection with the DIP Motion and the Sale and Bid Procedures Motion is unnecessary and futile.

12.    In addition, finding F. of the Interim DIP Order details certain of the *Debtors'* stipulations, including a finding in F(b)(i) concerning the lenders' asserted security interest in certain Prepetition Collateral pursuant to a Security Agreement dated September 9, 2016 (the "Security Agreement").  IHOP vigorously disputes that there are any valid liens encumbering its property, be it the Franchise Agreements, the Leases, or the property implicated thereby (the "Excluded Assets") because, among other reasons, the Franchise Agreements specifically preclude the granting of such liens.  S*ee* Franchise Agreement ¶ 11.02(a).  To the extent that the Interim DIP Order (or any final order) purports to ratify the lenders' prepetition interest in the Excluded Assets or to add the Excluded Assets to the lenders' post-petition collateral with respect to the DIP Liens (as defined in the Interim DIP Order), that provision is impermissible.

13.    Finally, IHOP has not had the benefit of receipt of the proposed further or final debtor-in-possession financing budget but, to the extent that it fails to provide a mechanism to cure the substantial defaults under the Franchise Agreements—even if they could be assumed and assigned—the relief requested in the DIP Motion is not within the best interests of the Debtors' estates or their creditors.  Moreover, the proposed DIP budget is wholly inadequate to provide for

ongoing and accruing administrative expenses and other obligations of the Debtors under the Franchise Agreements and the Leases, including rent, taxes, and other obligations related to health, safety, cleaning, and maintenance of the affected properties.

14.    IHOP submits that the Court should honor the terms of the Franchise Agreements, recognize their termination, and permit IHOP—which has the best and strongest incentive to maximize the operational success of these restaurants, protect its brand, and get employees back to work, where Debtors' have kept these restaurants entirely closed for more than a month—to dispose of these assets without the intervening costs and delays associated with the DIP Motion, the Sale and Bid Procedures Motion, and these Chapter 11 Cases.

WHEREFORE, IHOP respectfully requests that the Court deny the relief requested in the DIP Motion or otherwise limit it in connection with the foregoing.

Dated: May 27, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
            dbertenthal@pszjlaw.com

-and-

MCDERMOTT WILL & EMERY LLP

 /s/ Craig V. Rasile
Craig V. Rasile (FBN 613691)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: crasile@mwe.com

*Counsel to IHOP*

7

## CERTIFICATE OF MAILING

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing *Further Objection and Reservation of Rights of IHOP Restaurants LLC, IHOP Franchisor LLC, and IHOP Leasing LLC's to Debtors' Emergency Motion for Entry of Interim Orders (A) Authorizing Debtors to Obtain Post-Petition Financing and (B) Authorizing Debtors to Use Cash Collateral* was served on all counsel of record and all interested parties identified on the attached Service List on May 27, 2020 via transmission of Notices of Electronic Filing generated by CM/ECF and via First Class U.S. Mail, postage prepaid, as indicated thereon.

Dated: May 27, 2020

M\cDermott W\ill & E\mery LLP

*/s/ Craig V. Rasile*
Craig V. Rasile (FBN 613691)
333 SE 2nd Avenue
Suite 4500
Miami, FL 33131-4336
Telephone:  (305) 358-3500
Facsimile:   (305) 347-6500
Email:  crasile@mwe.com

*Attorneys for IHOP Restaurants, LLC, IHOP Franchisor, LLC, and IHOP Leasing, LLC*

**Electronic Service List**

Aaron S. Applebaum on behalf of Debtors CFRA Holdings, LLC, et al.
aaron.applebaum@saul.com

Carmen D. Contreras-Martinez on behalf of Debtors CFRA Holdings, LLC, et al.
carmen.contreras-martinez@saul.com; aida.mclaughlin@saul.com; mia-ctdocs@saul.com;
aaron.applebaum@saul.com

David S Catuogno on behalf of Creditor Raymond James Bank, N.A.
david.catuogno@klgates.com

David S Catuogno on behalf of Creditor Valley National Bank
david.catuogno@klgates.com

Herbert R Donica on behalf of Interested Party CFRA Holdings, LLC
ecf-hrd@donicalaw.com, ecf-cd@donicalaw.com; hrdecf@gmail.com;
r63937@notify.bestcase.com

Daniel Eliades on behalf of Creditor Raymond James Bank, N.A. and Valley National Bank
daniel.eliades@klgates.com

Alberto F Gomez, Jr. on behalf of Creditor Elliston Place Limited Partnership
al@jpfirm.com, al@jpfirm.com; andrenaw@jpfirm.com;  katherineb@jpfirm.com

Camille J Iurillo on behalf of Creditor SmartVision Construction, LLC
ciurillo@iurillolaw.com, nhawk@iurillolaw.com; khing@iurillolaw.com

Jeffrey T Kucera on behalf of Creditor Raymond James Bank, N.A. and Valley National Bank
jeffrey.kucera@klgates.com, etna.medina@klgates.com; docketing.east@klgates.com

David S Kupetz on behalf of Interested Party 6851 Lennox, LLC
dkupetz@sulmeyerlaw.com

Robert L. LeHane on behalf of Creditor SITE Centers Corp.
KDWBankruptcyDepartment@kelleyDrye.com; MVicinanza@ecf.inforuptcy.com

Dana L Robbins on behalf of Creditor Ballantyne Property Group, LLC
drobbins@burr.com, jmorgan@burr.com

J Ellsworth Summers, Jr. on behalf of Creditor Ballantyne Property Group, LLC
esummers@burr.com, sguest@burr.com

United States Trustee – TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee – TPA
nathan.a.wheatley@usdoj.gov

Stuart Wilson-Patton on behalf of Creditor TN Dept of Revenue
Stuart.Wilson-Patton@ag.tn.gov

**Via U.S. Mail**

6851 Lennox, LLC/Moss Group
6345 Balboa Blvd., Suite 310
Encino, CA 91316
Attn: Richard Moss

Beltram Edge Tool Supply Inc.
6800 North Florida Avenue
Tampa, FL 33604

BrightRidge
2600 Boones Creek Road
Johnson City, TN 37615

Bristol Virginia Utilities
15022 Lee Hwy
Bristol, VA 24202

Broadway Lights LLC
1085 Thousand Oaks Blvd.
Greenville, SC 29607

CaptiveAire Systems
4641 Paragon Park Road
Raleigh, NC 27616

Casual Dining Smyrna, LLC
c/o Richard Nasano
26 Knights Court
Saddle River, NJ 07458

Cigar City Marketing, LLC
1228 E. 7th Avenue, Suite 200
Tampa, FL 33605

City of Kingsport
225 West Center Street
Kingsport, TN 37660

Commercial Kitchen Specialist
1850 Indian Ridge Drive
Kingsport, TN 37660

Dan's Professional Plumbing
1558 Fuller Street
Kingsport, TN 37664

3

David Nakahara
415 Oneida Ct.
Danville, CA 94526

DDR Cotwold LP
Dept 328818 21089
41909
PO Box 83400
Chicago, IL 60691

Etheridge Roofing, Inc.
1211 Tarboro Street, SW
Wilson, NC 27893

Ford & Harrison LLP
Attn: P. Maxwell Smith
271 17th Street NW, Suite 1900
Atlanta, GA 30363

HPI Direct, Inc.
785 Goodard Court
Alpharetta, GA 30005

Interface Security Sys. LLC
8339 Solutions Center
Chicago, IL 60677

Johnson City Utility System
601 E. Main Street
Johnson City, TN 37601

MS Park
Dallas Lockbox
P.O. Box 848499
Dallas, TX 75284

National Tax Credit Holdings
10499 W. Bradford Rd., #102
Littleton, CO 80127

Performance Food Group
7420 Ranco Rd.
Henrico, VA 23228

Performance Foodservice
12500 West Creek Parkway
Henrico, VA 23238

Premier Fire Protection Inc.
1338 TN-126
Bristol, TN 37620

Putnam Mechanical
131 Crosslake Park Dr., #202
Mooresville, NC 28117

Raymond James Bank, N.A.
710 Carillon Parkway
St. Petersburg, FL 33716

Rosnet Technology
8500 NW River Park Dr.
Kansas City, MO 64152

Rustic Ridge Landscaping
205 Pickens Bridge Rd.
Johnson City, TN 37615

S&D Coffee
300 Concord Parkway South
Concord, NC 28027

Smartvision Construction, LLC
1155 East Isle of Palms Ave.
Myrtle Beach, SC 29579

The Wasserstrom Company
4500 E. Broad Street
Columbus, OH 43213

Trane Technologies
800-E Beaty Street
Davidson, NC 28036

Trilogy, Inc.
1220 Richmond Road
Williamsburg, VA 23185

Valassis Direct Mail, Inc.
90469 Collection Center Drive
Chicago, IL 60693

Valley National Bank
4790 140th Avenue North
Clearwater, FL 33762

Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC 20224

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Maria Chapa Lopez
United States Attorney for
the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602

Office of Attorney General
State of North Carolina
114 W. Edenton Street
Raleigh, NC 27603

Office of Attorney General
State of South Carolina
1000 Assembly St., #501
Columbia, SC 29201

Office of Attorney General
State of Virginia
202 North 9th Street
Richmond, VA 23219

Office of Attorney General
State of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207