Dated: May 27, 2020

ORDERED.

*Catherine M<sup>c</sup>Ewen* (signature)

Catherine Peek McEwen
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br>CFRA HOLDINGS, LLC | Case No. 8:20-bk-03608-CPM<br>Chapter 11 |
| | *Jointly Administered with:* |
| CFRA, LLC<br>CFRA TRI-CITIES, LLC | Case No. 8:20-bk-03609-CPM<br>Case No. 8:20-bk-03610-CPM |
| Debtors._____/ | |

### ORDER AUTHORIZING (I) THE EMPLOYMENT AND RETENTION OF DJM REALTY SERVICES, LLC, D/B/A GORDON BROTHERS REAL ESTATE AS REAL ESTATE CONSULTANT AND ADVISOR TO THE DEBTORS AND (II) A WAIVER OF COMPLIANCE WITH CERTAIN REQUIREMENTS OF LOCAL RULE 2016-1

**THIS MATTER** having been opened to the Court upon the application (the "**Application**")[1] [Docket No. 52], of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the Debtors to employ and retain DJM Realty Services, LLC d/b/a Gordon Brothers Real Estate ("**Gordon Brothers**") as real estate consultant and advisor to the Debtors, and (ii) waiving compliance with

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Application.

certain requirements of Local Rule 2016-1; and upon consideration of the Declaration; and it appearing that this Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application and in the Declaration that the terms and conditions of Gordon Brothers' employment as set forth in the Engagement Letter and summarized in the Application and in the Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and Gordon Brothers not holding or representing interests adverse to the Debtors' estates; and Gordon Brothers being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and upon finding that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Gordon Brothers as their real estate consultant and advisor in connection with

the Chapter 11 Cases in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. The Debtors are authorized to compensate and reimburse Gordon Brothers pursuant to the terms of the Engagement Letter.

4. The Fee and Expense Structure as set forth in the Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code, and Gordon Brothers shall be compensated and reimbursed for its fees and expenses in the Chapter 11 Cases pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines and any applicable orders of this Court.

5. Gordon Brothers' compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

6. Gordon Brothers shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-1, except that Gordon Brothers is hereby granted a limited waiver of the information-keeping requirements of Local Rule 2016-1 such that Gordon Brothers shall not be required to keep or submit time records in connection with this engagement.

7. The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of the Debtors' Chapter 11 Cases to the following:

    a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Gordon Brothers for any claims arising from, related to, or in connection with the services to be provided by Gordon Brothers as specified in the Application, but not for any claim arising from, related to, or in connection with Gordon Brothers post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefor are approved by this Court;

      b.      Notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Gordon Brothers or provide contribution or reimbursement to Gordon Brothers (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Gordon Brothers' bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, or (ii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clause (i) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which Gordon Brothers should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

      c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Gordon Brothers believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, Gordon Brothers must file an application in this Court, and the Debtors may not pay any such amounts to Gordon Brothers before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Gordon Brothers for indemnification, and not as a provision limiting the duration of the Debtors' obligation to Gordon Brothers.

8.      Notwithstanding any provision in the Engagement Letter to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Application) shall not be limited to the aggregate amount in excess of the amount of fees actually received by Gordon Brothers from the Debtors pursuant to the Engagement Letter, this Order or subsequent orders of this Court.

9.      To the extent the Application or the Engagement Letter is inconsistent with the terms of this Order, the terms of this Order shall govern.

10.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

36998064.2 05/22/2020

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

# # #

(*Carmen Contreras-Martinez, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of this Order.*)