# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | |
| CFRA HOLDINGS, LLC, | Case No. 8:20-bk-03608-CPM |
| | *Jointly Administered with* |
| CFRA, LLC | Case No. 8:20-bk-03609-CPM |
| CFRA TRI-CITIES, LLC | Case No. 8:20-bk-03610-CPM |
| Debtors. | Chapter 11 |

## RESERVATION OF RIGHTS
## OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned debtors' (collectively, the "Debtors") chapter 11 cases, by and through its proposed undersigned counsel, hereby files this Reservation of Rights with respect to the matters set for hearing before this Court today, May 29, 2020, beginning at 2:30 p.m., and in support, respectfully states as follows:

1. The Committee was appointed by the Office of the United States Trustee on May 27, 2020 (Doc. No. 74). The members of the Committee are Performance Food Group (the Committee's chair), Interface Security Systems, LLC and Putnam Mechanical.

2. The Committee interviewed a number of law firms on May 28, 2020, and following such interviews retained Squire Patton Boggs (US) LLP as its proposed counsel.

3. The following matters are scheduled for hearing today before this Court, beginning at 2:30 p.m.: (i) the Debtors' *Emergency Motion for Entry of Interim Orders (A) Authorizing Debtors to Obtain Post-Petition Financing and (B) Authorizing Debtors to Use Cash Collateral* (Doc. No. 47) (the "Financing Motion"); and (ii) the Debtors' *Motion for Entry of (I) an Order Approving Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof; and (II) Order(s) (A) Approving the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Sales Free and Clear of All Encumbrances, and (C) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* (Doc No. 53) (the "Sale Motion" and collectively with the Financing Motion, the "Motions").

4. Objections were filed to the Motions by IHOP Restaurants LLC, IHOP Franchisor LLC and IHOP Leasing LLC (collectively, "IHOP") at docket entries 62, 78 and 79 (collectively, the "IHOP Objections"), and by SmartVision Construction, LLC at docket entries 90 and 91 (collectively with the IHOP Objections, the "Objections").

5. Significantly, IHOP argues that the Motions should be denied because, among other reasons, IHOP purportedly terminated the Debtors' franchise and lease agreements prepetition and further, because the franchise agreements cannot be assigned pursuant to 11 U.S.C. § 365(c)(1).

6. The Committee has reviewed the *Debtors' Memorandum of Law In Support of Entry of Order Approving Bidding Procedures, Assumption and Assignment Procedures and the Form and Manner of Notice Thereof* (Doc. No. 92), filed yesterday, in which the Committee believes that the Debtors have raised persuasive counter-arguments to those raised in the IHOP Objections.

7. The Debtors and IHOP have been engaged in factual discovery this week concerning the Motions, and have exchanged documents and taken multiple depositions. The

Committee, however, only retained its proposed counsel yesterday (the day after its formation) and was unable to participate in the discovery. The Committee has also not yet been provided with copies of any of the documents produced during discovery or the deposition transcripts.

8. Since being retained yesterday, the Committee's proposed counsel has spoken with both counsel for the Debtors and counsel for IHOP concerning the Motions and the issues to be raised at today's hearing. However, the Committee's proposed counsel is not yet in a position to fully advise the Committee as to its formal position on these matters.

9. Nonetheless, the Committee is extremely concerned about the present situation. If the Court were to rule that the franchise and lease agreements were terminated prepetition, and/or that the franchise agreements cannot be assigned pursuant to 11 U.S.C. § 365(c)(1), the viability of these bankruptcy cases would be severely threatened, along with the chance for any recovery by unsecured creditors.

10. Given the importance of these issues, the Committee respectfully urges this Court to defer issuing a final ruling on the Motions in order to permit the Committee a reasonable opportunity to fully familiarize itself with the factual and legal issues presented and have an opportunity to have its voice heard. Only in this fashion, will the Committee be able to exercise its statutory right to be heard. *See* 11 U.S.C. § 1109(b).

11. Accordingly, the Committee reserves its rights to be heard on the Motions, including its right to file papers either in support of, or in opposition to, the Motions and respectfully urges this Court to allow it the time to do so.

**WHEREFORE**, the Committee respectfully requests that this Court defer issuing a final ruling on the Motions until the Committee has had a reasonable opportunity to consider and respond to them and fully reserves all of its rights in connection therewith.

Date: May 29, 2020                    **SQUIRE PATTON BOGGS (US) LLP**

*/s/ Mark A. Salzberg*
Mark A. Salzberg, Esq.
Florida Bar No. 965741
2550 M Street, N.W.
Washington, DC  20037
Telephone:  202-457-6000
Facsimile:   202-457-6315
Email:  mark.salzberg@squirepb.com

Norman N. Kinel
(*pro hac* application to be filed)
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: 212-872-9800
Facsimile:  202-872-9815
Email: norman.kinel@squirepb.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 29, 2020, a true and correct copy of the foregoing was served through the Court's Case Management/Electronic Case Filing ("CM/ECF") system, which sent automatic email notices of electronic filing to all parties indicated on the electronic filing receipt.

                                             */s/ Mark A. Salzberg*
                                             Mark A. Salzberg
                                             Florida Bar No. 965741