**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**
www.flmb.uscourts.gov

In re:
CFRA HOLDINGS, LLC                              Case No. 8:20-bk-03608-CPM
                                                Chapter 11

                                                *Jointly Administered with:*

CFRA, LLC
CFRA TRI-CITIES, LLC                            Case No. 8:20-bk-03609-CPM
                                                Case No. 8:20-bk-03610-CPM


                         Debtors.
_____/

**GLOBAL NOTES REGARDING DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

   The Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**" and, collectively with the Schedules, the "**Schedules and Statements**") filed herewith by the debtors (the "**Debtors**") in the above-captioned cases were prepared pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by the Debtors and have not been subject to audit, review or any similar financial analysis.  While the Debtors have made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, there can be no assurance as to their accuracy and completeness, and the subsequent receipt of information may result in material changes to the financial data and other information contained therein.  The Debtors' management consists solely of the Debtors' Chief Restructuring Officer, who relied entirely on the books and records of the Debtors as provided by the Debtors' prior management and/or the corporate owners of the Debtors in preparing the Schedules and Statements.  The Debtors used their best efforts to present the information set forth in the Schedules and Statements from these books and records that were, to the best of the Debtors' knowledge and understanding, maintained in the ordinary course of business.  The Debtors reserves the right to amend the Schedules and Statements from time to time as may be necessary or appropriate.  These Global Notes Regarding Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

   1.   <u>Description of the Cases and "as of" Information Date</u>.  Unless otherwise indicated in the Schedules or Statements or herein, the asset and liability information provided is as of the date upon which the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "**Petition Date**") with the United States Bankruptcy Court for the Middle

District of Florida (the "**Bankruptcy Court**").

2. Basis of Presentation. Although, as noted above, the Debtors have used their best efforts to present accurate information, the amount of the Debtors' actual assets and liabilities could differ from the amounts set forth in the Schedules and Statements. In addition, some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated at this time. In such cases, the amounts may be listed as "unknown" or, with respect to certain assets, may be listed at net book value. Amounts listed as "unknown" are ascribed a $0 value when calculating summaries and subtotals (i.e., lines 80 through 92 on Schedule A/B for each Debtor), which should not be taken as an indication by the Debtors' that any such assets have no value; all such summaries and subtotals are calculated automatically and are for informational purposes only. Given the differences between the information requested in the Schedules and Statements and the presentation of the financial information under generally accepted accounting principles in the United States ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

3. Summary of Significant Reporting Policies. The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

(a) Accounts Receivable. Accounts Receivable generally are presented on a gross basis.

(b) Causes of Action. The Debtors are still investigating the existence of any potential causes of action that may be listed on Questions 74 and 75 of Schedule A/B. The Debtors reserve all rights with respect to any such claims or causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

(c) Schedule D - Secured Claims. The Debtors have not included on Schedule D claims that may be secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. Such counterparties, if any, have been listed on Schedule F or Schedule G, as applicable. The Debtors reserve the right to dispute or challenge the extent, validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Secured claim amounts have been listed on Schedule D without regard to the value of assets securing such claims. No attempt was made by the Debtors to estimate the fair market value as of the Petition Date of assets pledged pursuant to a secured obligation. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(d) Schedule E/F – Priority and Unsecured Claims. Although the Debtors

may have scheduled claims of various creditors as priority claims, the Debtors reserve all rights to dispute or challenge the priority treatment of any such creditor's claim (or portion thereof) or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The claims of individual creditors for, among other things, goods, services, or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor, or any additional amounts that might be owed to such creditor as a result of either unbilled or unprocessed invoices.  The dollar amounts listed may also be exclusive of contingent and unliquidated amounts.  The Debtors expressly incorporate by reference into Schedule E/F all parties to pending and potential pending litigation with the Debtors, as listed in the Debtors' Statements, as contingent, unliquidated, and disputed claims to the extent not already listed in the schedule.

(e)  <u>Schedule G - Executory Contracts/Unexpired Leases</u>.  While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. Without limitation of the foregoing, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, supplemented or terminated from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements which may not be listed therein.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Certain of the Debtors' executory agreements may not have been memorialized in writing and could be subject to dispute.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  Similarly, the absence of a contract or agreement on Schedule G does not constitute an admission that any other contract or agreement to which a Debtor is a party is not executory.  Parties to executory contracts and unexpired leases were not listed on Schedule E/F, except where past due amounts were recorded in the Debtors' accounts payable.  The Debtors have not listed on Schedule E/F landlords and executory contract counterparties which may have claims related to contract/lease rejection or other damages.

4.  <u>Global Notes Control</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **CFRA Tri-Cities, LLC** |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA |
| Case number (if known) | **8:20-bk-03610-CPM** |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

    ☐ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|
    | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2020** to **2/28/2020** | ■ Operating a business<br>☐ Other _____ | $786,538.00 |
    | **For prior year:**<br>From **1/01/2019** to **12/31/2019** | ■ Operating a business<br>☐ Other _____ | $5,536,833.00 |
    | **For year before that:**<br>From **1/01/2018** to **12/31/2018** | ■ Operating a business<br>☐ Other _____ | $5,709,252.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

    | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
    |---|---|---|---|

| Debtor | CFRA Tri-Cities, LLC | Case number *(if known)* | 8:20-bk-03610-CPM |
|---|---|---|---|

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | see attached | | $546,318.83 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Ashley G. Hay v. CFRA Tri-Cities, LLC et al.**<br>**2:19-cv-00197** | Civil | **U.S. District Court - E.D. Tennessee**<br>**800 Market Street**<br>**Suite 130**<br>**Knoxville, TN 37902** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

| Debtor | **CFRA Tri-Cities, LLC** | Case number *(if known)* | **8:20-bk-03610-CPM** |
|---|---|---|---|

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| **J. Tim Pruban (assignee)**<br>**Focus Management Group USA, Inc.**<br>**30725 U.S. Highway 19, #330**<br>**Palm Harbor, FL 34684** | **Assignment for the Benefit of Creditors** | **Unknown** |
| | **Case title** | **Court name and address**<br>**Sixth Judicial Circuit Court - Pinellas** |
| | **Case number**<br>**20-002031-CI** | |
| | **Date of order or assignment**<br>**April 22, 2020** | |

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

   | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
   |---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

    | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
    |---|---|---|---|

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ■ None.

    | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
    |---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

    | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
    |---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

| Debtor | **CFRA Tri-Cities, LLC** | Case number *(if known)* | **8:20-bk-03610-CPM** |
|---|---|---|---|

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **900 Branchview Drive Suite 215 Concord, NC 28025** | |

### Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

| Debtor | CFRA Tri-Cities, LLC | Case number (if known) | 8:20-bk-03610-CPM |
|---|---|---|---|

■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

### Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

   ■ No.
   ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ■ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

### Part 13: Details About the Debtor's Business or Connections to Any Business

Debtor  **CFRA Tri-Cities, LLC**                                              Case number *(if known)*  **8:20-bk-03610-CPM**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ■ None

    | Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
    |---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ☐ None

    | Name and address | Date of service<br>From-To |
    |---|---|
    | 26a.1. **Thomas Gough (former CFO)**<br>**421 Running Horse Lane**<br>**Waxhaw, NC 28173** | |
    | 26a.2. **Tony Cerillo**<br>**1340 Hamlet Avenue**<br>**Clearwater, FL 33756** | |

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ☐ None

    | Name and address | Date of service<br>From-To |
    |---|---|
    | 26b.1. **Elliot Davis**<br>**One 10th Street**<br>**Suite 400**<br>**Augusta, GA 30901** | |

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ☐ None

    | Name and address | If any books of account and records are unavailable, explain why |
    |---|---|
    | 26c.1. **Elliot Davis**<br>**One 10th Street**<br>**Suite 400**<br>**Augusta, GA 30901** | |
    | 26c.2. **Prometheus Franchise Restaurant Holdings**<br>**1340 Hamlet Avenue**<br>**Clearwater, FL 33756** | |

    26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

    ☐ None

    | Name and address |
    |---|
    | 26d.1. **Raymond James Bank, N.A.**<br>**710 Carillon Parkway**<br>**Saint Petersburg, FL 33716** |

Debtor **CFRA Tri-Cities, LLC**     Case number *(if known)* **8:20-bk-03610-CPM**

| | Name and address |
|---|---|
| 26d.2. | **Valley National Bank**<br>**4790 140th Avenue North**<br>**Clearwater, FL 33762** |
| 26d.3. | **IHOP Franchisor, LLC (and/or affiliates)**<br>**450 North Brand Boulevard**<br>**7th Floor**<br>**Glendale, CA 91203** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No
    ☐ Yes. Give the details about the two most recent inventories.

    | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
    |---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

    | Name | Address | Position and nature of any interest | % of interest, if any |
    |---|---|---|---|
    | **J. Tim Pruban** | **6585 N. Avondale Avenue**<br>**Chicago, IL 60631** | **Chief Restructuring Officer** | |

    | Name | Address | Position and nature of any interest | % of interest, if any |
    |---|---|---|---|
    | **CFRA Holdings, LLC** | **1340 Hamlet Avenue**<br>**Clearwater, FL 33756** | **Sole Member** | **100%** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ☐ No
    ■ Yes. Identify below.

    | Name | Address | Position and nature of any interest | Period during which position or interest was held |
    |---|---|---|---|
    | **Nicholas Peters** | **1340 Hamlet Avenue**<br>**Clearwater, FL 33756** | **President and CEO** | |

    | Name | Address | Position and nature of any interest | Period during which position or interest was held |
    |---|---|---|---|
    | **Chris Suh** | **1340 Hamlet Avenue**<br>**Clearwater, FL 33756** | **Treasurer** | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ■ No
    ☐ Yes. Identify below.

    | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
    |---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

| Debtor | CFRA Tri-Cities, LLC | Case number *(if known)* | 8:20-bk-03610-CPM |
|---|---|---|---|

☐ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Prometheus Restaurant Franchise Holdings | EIN:    ****-4266 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:** **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June  3, 2020**

**/s/ J. Tim Pruban**                                                **J. Tim Pruban**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

**CFRA TriCities, LLC**
**Case No: 8-20-bk-03610**
**SOFA #3  Payments to Creditors**

| NAME | Address | City | State | Zip | DATE OF PAYMENT/ TRANSFER | AMOUNT PAID |
|---|---|---|---|---|---|---|
| APPALACHIAN POWER | 40 Franklin Road, SW | Roanoke | VA | 24011 | 02/12/20 | $ 2,779.50 |
| APPALACHIAN POWER | | | | | 03/12/20 | $ 2,380.11 |
| APPALACHIAN POWER | | | | | 04/13/20 | $ 2,476.26 |
| **APPALACHIAN POWER Total** | | | | | | **$ 7,635.87** |
| ATMOS ENERGY | PO Box 790311 | St. Louis | MO | 63179-0311 | 02/11/20 | $ 2,525.59 |
| ATMOS ENERGY | | | | | 02/12/20 | $ 2,165.04 |
| ATMOS ENERGY | | | | | 02/17/20 | $ 1,417.27 |
| ATMOS ENERGY | | | | | 03/11/20 | $ 2,112.73 |
| ATMOS ENERGY | | | | | 03/12/20 | $ 1,745.79 |
| ATMOS ENERGY | | | | | 03/16/20 | $ 837.24 |
| ATMOS ENERGY | | | | | 04/09/20 | $ 1,811.79 |
| ATMOS ENERGY | | | | | 04/13/20 | $ 1,572.70 |
| ATMOS ENERGY | | | | | 04/14/20 | $ 785.15 |
| **ATMOS ENERGY Total** | | | | | | **$ 14,973.30** |
| BRIGHTRIDGE | PO BOX 2058 | Johnson City | TN | 37605-2058 | 02/18/20 | $ 2,956.92 |
| BRIGHTRIDGE | #NAME? | | | | 03/18/20 | $ 2,728.17 |
| BRIGHTRIDGE | | | | | 04/16/20 | $ 2,594.92 |
| **BRIGHTRIDGE Total** | | | | | | **$ 8,280.01** |
| CC Fees | | | | | 02/06/20 | $ 5,848.88 |
| CC Fees | | | | | 02/06/20 | $ 5,848.88 |
| **CC Fees Total** | | | | | | **$ 11,697.76** |
| CC Fees 3.4.20 | | | | | 03/04/20 | $ 5,973.02 |
| CC Fees 3.4.20 | | | | | 03/04/20 | $ 5,973.02 |
| **CC Fees 3.4.20 Total** | | | | | | **$ 11,946.04** |
| CITY OF BRISTOL | PO Box 8100 | Bristol | VA | 84203-8100 | 02/20/20 | $ 6,983.13 |
| CITY OF BRISTOL | | | | | 03/20/20 | $ 6,875.28 |
| **CITY OF BRISTOL Total** | | | | | | **$ 13,858.41** |
| HILTON DISPLAYS, INC. | 125 Hillside Drive | Greenville | SC | 29607 | 03/12/20 | $ 12,597.00 |
| **HILTON DISPLAYS, INC. Total** | | | | | | **$ 12,597.00** |
| IHOP CORP | 450 North Brand Blvd. | Glendale | CA | 91203 | 03/24/20 | $ 4,403.59 |
| IHOP CORP | | | | | 03/24/20 | $ 4,668.79 |
| IHOP CORP | | | | | 04/01/20 | $ 4,234.01 |
| **IHOP CORP Total** | | | | | | **$ 13,306.39** |
| Performance Food Group | 7420 Ranco Rd. | Richmond | VA | 23228 | 02/06/20 | $ 11,902.92 |
| Performance Food Group | | | | | 02/11/20 | $ 5,980.44 |
| Performance Food Group | | | | | 02/13/20 | $ 14,296.40 |
| Performance Food Group | | | | | 02/18/20 | $ 4,560.81 |
| Performance Food Group | | | | | 02/20/20 | $ 14,724.55 |
| Performance Food Group | | | | | 02/25/20 | $ 4,776.30 |
| Performance Food Group | | | | | 02/27/20 | $ 16,395.90 |
| Performance Food Group | | | | | 03/03/20 | $ 6,238.58 |
| Performance Food Group | | | | | 03/05/20 | $ 17,097.85 |
| Performance Food Group | | | | | 03/10/20 | $ 8,491.03 |
| Performance Food Group | | | | | 03/12/20 | $ 15,242.20 |
| Performance Food Group | | | | | 03/17/20 | $ 7,177.65 |
| Performance Food Group | | | | | 03/19/20 | $ 17,044.08 |
| Performance Food Group | | | | | 03/24/20 | $ 9,620.16 |
| Performance Food Group | | | | | 03/30/20 | $ 14,660.60 |
| Performance Food Group | | | | | 03/31/20 | $ 9,275.63 |
| Performance Food Group | | | | | 04/03/20 | $ 18,297.30 |
| Performance Food Group | | | | | 04/07/20 | $ 9,645.82 |
| Performance Food Group | | | | | 04/09/20 | $ 14,335.67 |
| **Performance Food Group Total** | | | | | | **$ 219,763.89** |
| RICHARD K. STOREY | | | | | 02/24/20 | $ 10,738.71 |
| **RICHARD K. STOREY Total** | | | | | | **$ 10,738.71** |
| SMARTVISION CONSTRUCTION, LLC | 1155 East Isle of Palms Ave | Myrtle Beach | SC | 29579 | 03/06/20 | $ 93,000.00 |
| **SMARTVISION CONSTRUCTION, LLC Total** | | | | | | **$ 93,000.00** |
| SULLIVAN CO. TRUSTEE | 3411 Highway 126 | Blountville | TN | 37617 | 02/24/20 | $ 1,167.00 |
| SULLIVAN CO. TRUSTEE | | | | | 02/24/20 | $ 9,884.00 |
| **SULLIVAN CO. TRUSTEE Total** | | | | | | **$ 11,051.00** |
| TN SALES TAX | 500 Deaderick Street | Nashville | TN | 37242 | 02/24/20 | $ 30,264.00 |
| TN SALES TAX | | | | | 02/24/20 | $ 30,264.00 |
| TN Sales Tax | | | | | 03/23/20 | $ 30,972.00 |
| TN Sales Tax | | | | | 03/23/20 | $ 30,972.00 |
| **TN SALES TAX Total** | | | | | | **$ 122,472.00** |
| TN STATE REVENUE TN | 225 Dr. Martin Luther King Dr | Jackson | TN | 38301 | 4/23/2020 | $ 17,930.00 |
| **TN STATE REVENUE TN Total** | | | | | | **$ 17,930.00** |
| VA SALES TAX | P.O. Box 1115 | Richmond | VA | 23218 | 02/24/20 | $ 5,282.91 |
| VA SALES TAX | | | | | 02/24/20 | $ 5,282.91 |
| VA Sales Tax | | | | | 03/25/20 | $ 5,175.90 |
| VA Sales Tax | | | | | 03/25/20 | $ 5,175.90 |
| **VA SALES TAX Total** | | | | | | **$ 20,917.62** |
| VINCENT JUSTICE | | | | | 02/18/20 | $ 1,294.83 |
| VINCENT JUSTICE | | | | | 02/18/20 | $ 1,294.83 |
| VINCENT JUSTICE | | | | | 03/02/20 | $ 1,684.42 |
| VINCENT JUSTICE | | | | | 03/16/20 | $ 1,090.30 |
| VINCENT JUSTICE | | | | | 03/30/20 | $ 913.46 |
| VINCENT JUSTICE | | | | | 04/06/20 | $ 626.04 |
| **VINCENT JUSTICE Total** | | | | | | **$ 6,903.88** |
| **Grand Total** | | | | | | **$ 546,318.83** |