**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| CFRA HOLDINGS, LLC, | Case No.: 8:20-bk-03608-CPM |
| | *Jointly Administered with:* |
| CFRA, LLC | Case No.: 8:20-bk-03609-CPM |
| CFRA TRI-CITIES, LLC | Case No.: 8:20-bk-03610-CPM |
| Debtors. _____ / | |

**LIMITED OBJECTION OF BALLANTYNE PROPERTY GROUP LLC TO NOTICE OF ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

Ballantyne Property Group LLC d/b/a Ballantyne Property Investors Group, LLC ("Ballantyne" or "Landlord"), by and through its undersigned counsel, files its Limited Objection to *Debtors' Notice of Assumption, Assignment and Cure Amount With Respect to Executory Contracts and Unexpired Leases of the Debtors* (Doc. No. 145) (the "Limited Objection") with respect to the Cure Amount (as defined below), and in support states as follows:

**BACKGROUND**

1. In December 2011, CFRA, LLC ("Debtor" or "Tenant") and Mecklenburg Land Development LLC ("Original Landlord") entered into that certain Lease Agreement dated December 20, 2011, to lease certain real property located at 16061 Lancaster Highway at Old U.S. Highway 521, Unit A, Charlotte, North Carolina (the "Leased Premises"), as amended by that certain First Amendment to Lease Agreement dated January 13, 2012, as further amended by that certain Second Amendment to Lease Agreement dated February __, 2012, as assigned from Original Landlord to Ballantyne (collectively the "Lease"). A true and correct copy of the Lease is attached as **Composite Exhibit A.**

2. On June 2, 2012, CRFA, LLC also executed that certain Tenant Estoppel in favor of Ballantyne (the "Tenant Estoppel"), stating that the term of the lease commenced on September 12,

2012 and is scheduled to expire on September 30, 2022 (the "Lease Term"). A true and correct copy of the Tenant Estoppel is attached as **Exhibit B.**

3. Under the Lease, Tenant is currently required to pay Ballantyne Base Rent in the amount of $10,899.17 per month and Additional Rent, including among others, Taxes, Insurance and Common Area Maintenance ("TICAM"), as well as utilities. *See* Exhibit A, ¶ 4(a)–(e). In the event Tenant defaulted under the Lease, Tenant is responsible for the costs of enforcing the terms of the Lease, including reasonable attorneys' fees. Specifically, Section 16(d) provides as follows: "[u]pon the occurrence of any default by Tenant, whether resulting in termination or otherwise, Landlord may immediately recover from Tenant the cost of recovering the Premises and its costs and expenses (including reasonable attorney's fees) incurred in connection with enforcing its rights under this Lease." *See* Exhibit A, ¶ 16(d).

4. Debtor defaulted under the Lease by failing to pay the April 2020, May 2020, and June 2020 lease payments as they came due and by the filing of the instant bankruptcy case. As of the date of this Limited Objection, Debtor is still in default under the Lease and has not cured any of the monetary defaults.

## BANKRUPTCY PROCEEDING

5. On May 6, 2020, CFRA Holdings, LLC; CFRA, LLC; and CFRA Tri-Cities, LLC (collectively, the "Debtors") filed their respective voluntary petitions under Chapter 11 of the Bankruptcy Code. The Debtors cases are being jointly administered under Case No.: 8:20-bk-03608-CPM.

6. On June 6, 2020, this Court entered its *Order Approving Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof* (Doc. No. 134) (the "Assumption Procedures Order"). The Assumption Procedures Order set out certain procedures for the assumption and assignment of the various executory contracts and leases to which the Debtors were parties. Specifically, the Assumption Procedures Order required Debtors to file a notice of assumption that included the cure amount that the Debtors believe is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each of the assumed

contracts. The Assumption Procedures Order further set procedures for objections to the notice of assumption, including objections to the cure amount.

7.     In accordance with the Assumption Procedures Order, the Debtors filed their *Notice of Assumption, Assignment and Cure With Respect to Executory Contracts and Unexpired Leases of the Debtors* (Doc. No. 145) (the "Assumption Notice"). Exhibit A to the Assumption Notice provides for assumed contracts and states that CFRA, LLC intends to assume and assign the Ballantyne Lease for store number 3423 and proposes a cure amount of $40,315.00 (the "Cure Amount").

## LIMITED OBJECTION

8.     To the extent Debtor wishes to assume the Lease, Ballantyne does not object to its assumption. However, the correct Cure Amount must be paid. *See* 11 U.S.C. § 365(b)(1)(A), (B). Ballantyne objects to the proposed Cure Amount of $40,315.00. Ballantyne calculates the necessary cure payment to be **$56,436.69**, which is summarized in **Exhibit C.**

9.     Section 365(b)(1)(A) of the Bankruptcy Code requires that "if there has been a default in an . . . unexpired lease, the [debtor-in-possession] may not assume such . . . lease unless, at the time of assumption of such . . . lease, the [debtor-in-possession] cures, or provides adequate assurance that the [debtor-in-possession] will promptly cure such default." 11 U.S.C. § 365(b)(1)(A).

10.    A debtor must also "compensate, a party . . . to such . . . lease, for any actual pecuniary loss to such party resulting from such default." 11 U.S.C. § 365(b)(1)(B). This includes repayment of reasonable attorneys' fees and costs, provided that the party seeking fees is entitled to such fees under the lease. *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001) (recognizing that although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties).

11. Here, Debtor's proposed payment of $40,315.00, fails to include the TICAM expenses and utility expenses. These are required expenses under the terms of the Lease. *See* Exhibit A, ¶ 4(a)–(e).

12. The Cure Amount also fails to include reasonable attorneys' fees. As provided in Paragraph 16 of the Lease, Debtor is required to compensate Ballantyne for all legal fees associated with or arising from the breach of the Lease. *See* Exhibit A, ¶ 16. These amounts must also be included in the Cure Amount. Thus, the proper Cure Amount to assume the Lease is **$56,436.69** and Ballantyne requests that this Court sustain this Limited Objection and direct Debtors to pay the appropriate Cure Amount.

## RESERVATION OF RIGHTS

13. Ballantyne reserves the right to make such other and further objections as may be appropriate, including but not limited to, objections regarding adequate assurance of future performance under Bankruptcy Code § 365. Ballantyne further reserves the right to file administrative expense claims, unsecured claims, and any other claims against the Debtors' bankruptcy estates.

## CONCLUSION

14. For the reasons set forth above, Ballantyne respectfully requests that this Court (i) sustain this Limited Objection; (ii) require that any order authorizing the assumption of the Lease require Debtor to pay all amounts owing through the effective date of the assumption, including attorneys' fees and expenses; and (iii) grant such further relief as it deems just and proper.

**BURR FORMAN, LLP**

/s/ J. Ellsworth Summers, Jr.
J. Ellsworth Summers, Jr., Esq.
Florida Bar No. 0015769
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Phone: (904) 232-7200
Fax: (904) 232-7201
E-mail: ESummers@burr.com

Attorneys for Ballantyne Property Group, LLC

43690042 v1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send notice of electronic filing to all parties indicated on the electronic filing receipt and via U.S. Mail to: CFRA, LLC, 900 Branchview Drive, Ste. 215, Concord, NC 28025; DMJ Realty Services, LLC, 100 Crossways Park Drive West, Ste. 207, Woodbury, NY; and John A. Morris, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34 Floor, New York, NY 10017.

                                                         /s/ J. Ellsworth Summers, Jr.
                                                             Attorney