# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
www.flmb.uscourts.gov

In re:
CFRA HOLDINGS, LLC

Case No. 8:20-bk-03608-CPM
Chapter 11

*Jointly Administered with:*

CFRA, LLC
CFRA TRI-CITIES, LLC

Case No. 8:20-bk-03609-CPM
Case No. 8:20-bk-03610-CPM

Debtors.
_____/

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DEBTORS REGARDING LANDLORD ADMINISTRATIVE EXPENSE CLAIM APPLICATIONS

The above captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their undersigned counsel, respectfully submit this limited objection and reservation of rights to the *Tuyen D. Lecong Trust's Application for Payment of Administrative Rent* (Docket No. 187) and the *Elliston Place Limited Partnership's Application for Payment of Administrative Rent* (Docket No. 198) (collectively, the "**Applications**"), and in support hereof state as follows:

## BACKGROUND

1. On May 6, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

2. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage their affairs as debtors-in-possession. No trustee or examiner has been appointed in the Chapter 11 Cases.

3. The Debtors are franchisees of IHOP restaurants and, prior to the Petition Date, operated forty nine (49) IHOP restaurants in South Carolina, North Carolina, Tennessee and

-2-

Virginia. All of the Debtors' restaurants were shuttered as a result of the various "safer at home" restrictions in connection with the ongoing Covid-19 pandemic. These closures resulted in an immediate liquidity crisis, leaving the Debtors unable to fund operations and debt service in the ordinary course of business.

4. On May 27, 2020, the United States Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "**Committee**").

5. On June 10, 2020, the Court entered the *Order Approving Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof* (the "**Bidding Procedures Order**") [Docket No. 134].

6. The Bidding Procedures Order, among other things, includes a settlement between and among the Debtors, the Debtors' secured lenders, and the Debtors' franchisor, IHOP, regarding the implementation of bidding procedures to facilitate the sale of the Debtors' businesses pursuant to section 363 of the Bankruptcy Code. In particular, Appendix A to the Bidding Procedures Order, attached thereto as Exhibit 4, sets forth the agreement among the parties related to the sale process, including with respect to the distribution of assets from the expected sale of the Debtors' assets.

7. Subsequently, on June 22, 2020, the Court entered the *Final Consent Order (I) Authorizing Debtors to Use Cash Collateral; (II) Acknowledging Extent, Validity and Priority of Lien; and (III) Scheduling a Final Hearing* (the "**Final Cash Collateral Order**") [Docket No. 163] and the *Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing from Pre-Petition Lenders Pursuant to 11 U.S.C. § 364; (II) Granting Liens and Superpriority Claims Pursuant to 11 U.S.C. § 364; (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, and 363; and (IV) Granting Such Other and Further Relief that this Court Finds*

*Equitable* (the "**Final DIP Financing Order**") [Docket No. 164]. The Final Cash Collateral Order and the Final DIP Financing Order are referred to collectively herein as the "**Final Financing Orders**").

8. In addition to approving, on a final basis, the Debtors' use of cash collateral and post-petition debtor-in-possession financing, the Final Financing Orders include a settlement among the Debtors, their pre- and post-petition lenders and the Committee regarding the Chapter 11 Cases.

9. In particular, the Final Cash Collateral Order provides that the disbursement with respect to the lenders' pre-petition secured claims would be subject to a carve-out in favor of general unsecured creditors, excluding the lenders' potential deficiency claims and insider claims, in the amount of $125,000 to be administered in post-sale converted chapter 7 cases for the Debtors. The Final Financing Orders also provided for the funding of $25,000, through the final debtor-in-possession financing budget, to be paid to the Chapter 7 Trustee for the administration of the converted chapter 7 cases. Further, the Final Cash Collateral Order provides that the Debtors shall file a motion to convert the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code no later than five (5) days after closing of the sale(s) contemplated in the Bidding Procedures Order.

10. On July 1, 2020, the Court held a hearing and approved, subject to entry of a consensual order (the ("**Sale Order**"), the Debtors' proposed sale of substantially all of their assets to Suncakes, LLC (the "**Purchaser**") and to assume and assign certain contracts and leases to the Purchaser. The Court entered the Sale Order on July 10, 2020 [Docket No. 197].

11. Pursuant to the Sale Order, certain contracts and leases were assumed and assigned to the Purchaser at the closing of the sale, and certain contracts and leases will be

assumed and assigned upon completion of a designation process that will conclude on or by July 24, 2020. Closing on the sale with the Purchase took place on July 14, 2020.

12. While certain contracts and leases were or are expected to be assumed and assigned pursuant to the Sale Order, certain leases were excluded from the Sale by the Purchaser, including the leases for the Debtors' leases relevant to the Applications (collectively, the "**Excluded Locations**").

13. On July 8, 2020, the Debtors filed the *Motion of the Debtors for Entry of an Order Converting Cases from Chapter 11 of the Bankruptcy Code to Chapter 7 of the Bankruptcy Code* (the "**Conversion Motion**") [Docket No. 193].

14. The hearing on the Conversion Motion is presently scheduled for July 23, 2020 at 3:00 p.m. (ET), though the Debtors anticipate requesting a short continuance of the hearing so that the contract and lease designation process under the Sale Order will conclude prior to conversion of the Debtors' cases to chapter 7.

## THE APPLICATIONS

15. Through the Applications, two landlords of Excluded Locations seek allowance and payment of rent as administrative expenses of the Debtors' estates pursuant to sections 503(a) and 503(b)(1)(A) of the Bankruptcy Code.

16. Section 503(b)(1)(A) of the Bankruptcy Code provides for allowance of administrative expenses for "the actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b)(1)(A).

## LIMITED OBJECTION

17. The Debtors respectfully assert that consideration of the Applications should be deferred until after the Court's determination of the Conversion Motion so that the chapter 7

-5-

trustee, once appointed, can independently review and respond to the Applications. In light of the pending conversion of the Debtors' cases to chapter 7, allowance of chapter 11 administrative expense claims such as those requested in the Applications will directly impact administration of the chapter 7 estates.

18. Subject to any objection filed by the chapter 7 trustee, allowance of administrative expense claims for rent or other charges associated with the Excluded Locations may be inappropriate on the basis that such locations provided no material benefit to the Debtors' chapter 11 estates, other than with respect to *de minimis* value for storage of equipment and other assets ultimately acquired by the Purchaser. The Debtors did not operate restaurants from the Excluded Locations during the Chapter 11 Cases, derived no income from such locations, and realized no increase in sale price in connection with the sale of their assets on account of the leases. The Debtors also incurred and paid other expenses related to the Excluded Locations, including insurance and utilities, which may offset any storage value realized by the Debtors' estates with respect thereto.

19. In addition, the Debtors' obligation to pay post-petition rent or other obligations arising under the leases for the Excluded Locations may be directly negated by applicable *force majeure* clauses in the leases which, if applicable, could limit or eliminate any requested administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code.

20. Because it is at best unclear whether rent and other obligations related to the leases for the Excluded Locations constitute "actual, necessary costs and expenses of preserving the estate," as required by section 503(b)(1)(A) of the Bankruptcy Code, and in light of the pending Conversion Motion, the Debtors' respectfully ask that the Court defer consideration of the Applications until after the appointment of the chapter 7 trustee.

## RESERVATION OF RIGHTS

21. On behalf of their estates, and in consideration of the pending appointment of a chapter 7 trustee who may wish to independently evaluate the Applications, the Debtors respectfully reserve all rights of the estates with respect to the Applications.

Dated: July 21, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**
*Counsel for Debtors and Debtors-in-Possession*
701 Brickell Avenue, 17th Floor
Miami, FL 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744

By: */s/ Aaron S. Applebaum*_____
Carmen Contreras-Martinez
Florida Bar No. 093475
Carmen.Contreras-Martinez@saul.com

-and-

Stephen B. Ravin (*pro hac vice*)
Florida Bar No. 293768 (*inactive status*)
Aaron S. Applebaum (*pro hac vice*)
1037 Raymond Boulevard
Suite 1520
Newark, NJ 07102
Telephone: (973) 286-6700
Facsimile: (973) 286-6800
Stephen.Ravin@saul.com
Aaron.Applebaum@saul.com