**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br>CFRA HOLDINGS, LLC | Case No. 8:20-bk-03608-CPM<br>Chapter 11 |
| | *Jointly Administered with:* |
| CFRA, LLC | Case No. 8:20-bk-03609-CPM |
| CFRA TRI-CITIES, LLC | Case No. 8:20-bk-03610-CPM |
| Debtors.<br>_____/ | |

**SECOND OMNIBUS MOTION OF THE DEBTORS FOR ENTRY OF AN**
**ORDER AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their undersigned counsel, file this motion (the "**Motion**"), pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), requesting entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") authorizing the Debtors to reject certain unexpired leases listed on Exhibit 1 to the Proposed Order (the "**Leases**"). In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is section 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

5. On May 6, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

6. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage their affairs as debtors-in-possession. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. The Debtors are franchisees of IHOP restaurants, and, prior to the Petition Date, operated forty nine (49) IHOP restaurants in South Carolina, North Carolina, Tennessee and Virginia. All of the Debtors' restaurants were shuttered as a result of the various "safer at home" restrictions in connection with the ongoing Covid-19 pandemic. These closures resulted in an immediate liquidity crisis, leaving the Debtors unable to fund operations and debt service in the ordinary course of business.

8. On May 27, 2020, the United States Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "**Committee**").

**A.    Significant Events During the Debtors' Chapter 11 Cases**

9. On June 10, 2020, the Court entered the Order Approving Bidding Procedures, Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof (the "**Bidding Procedures Order**") [Docket No. 134].

10. The Bidding Procedures Order, among other things, includes a settlement between and among the Debtors, the Debtors' secured lenders, and the Debtors' franchisor, IHOP, regarding the implementation of bidding procedures to facilitate the sale of the Debtors' businesses pursuant to section 363 of the Bankruptcy Code. In particular, Appendix A to the

Bidding Procedures Order, attached thereto as Exhibit 4, sets forth the agreement among the parties related to the sale process, including with respect to the distribution of assets from the expected sale of the Debtors' assets.

11. Subsequently, on June 22, 2020, the Court entered the *Final Consent Order (I) Authorizing Debtors to Use Cash Collateral; (II) Acknowledging Extent, Validity and Priority of Lien; and (III) Scheduling a Final Hearing* (the "**Final Cash Collateral Order**") [Docket No. 163] and the *Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing from Pre-Petition Lenders Pursuant to 11 U.S.C. § 364; (II) Granting Liens and Superpriority Claims Pursuant to 11 U.S.C. § 364; (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, and 363; and (IV) Granting Such Other and Further Relief that this Court Finds Equitable* (the "**Final DIP Financing Order**") [Docket No. 164]. The Final Cash Collateral Order and the Final DIP Financing Order are referred to collectively herein as the "**Final Financing Orders**").

12. In addition to approving, on a final basis, the Debtors' use of cash collateral and post-petition debtor-in-possession financing, the Final Financing Orders include a settlement among the Debtors, their pre- and post-petition lenders and the Committee regarding the Chapter 11 Cases.

13. In particular, the Final Cash Collateral Order provides that the disbursement with respect to the lenders' pre-petition secured claims would be subject to a carve-out in favor of general unsecured creditors, excluding the lenders' potential deficiency claims and insider claims, in the amount of $125,000 to be administered in post-sale converted chapter 7 cases for the Debtors. The Final Financing Orders also provided for the funding of $25,000, through the final debtor-in-possession financing budget, to be paid to the Chapter 7 Trustee for the

administration of the converted chapter 7 cases. Further, the Final Cash Collateral Order provides that the Debtors shall file a motion to convert the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code no later than five (5) days after closing of the sale(s) contemplated in the Bidding Procedures Order.

14. On July 1, 2020, the Court held a hearing and approved, subject to entry of a consensual order (the ("**Sale Order**"), the Debtors' proposed sale of substantially all of their assets to Suncakes, LLC (the "**Purchaser**") and to assume and assign certain contracts and leases to the Purchaser. The Court entered the Sale Order on July 10, 2020 [Docket No. 197].

15. Pursuant to the Sale Order, certain contracts and leases were assumed and assigned to the Purchaser at the closing of the sale, and certain contracts and leases will be assumed and assigned upon completion of a designation process that will conclude on or by July 24, 2020. Closing on the sale with the Purchase took place on July 14, 2020.

16. While certain contracts and leases have been assumed and assigned pursuant to the Sale Order, certain leases were excluded from the Sale by the Purchaser, including leases for the Debtors' locations that were ultimately not designated for assumption and assignment at the conclusion of the designation process under the Sale Order (collectively, the "**Designated Excluded Locations**").

17. On July 21, 2020 Debtors filed its First Omnibus Motion of the Debtors for Entry of an Order Authorizing the Rejection of Certain Unexpired Leases (the "**First Omnibus Motion**") [Docket No. 213]. The First Omnibus Motion seeks to reject eight (8) unexpired leases. The First Omnibus Motion is set for hearing on July 30, 2020.

18. On July 8, 2020, the Debtors filed the *Motion of the Debtors for Entry of an Order Converting Cases from Chapter 11 of the Bankruptcy Code to Chapter 7 of the Bankruptcy Code* (the "**Conversion Motion**") [Docket No. 193].

19. The hearing on the Conversion Motion is presently scheduled for July 30, 2020 at 3:30 p.m. (ET). The Debtors anticipate that these cases will have been converted to chapter 7 prior to any hearing on this Motion.

## RELIEF REQUESTED

20. By this Motion, the Debtors seek the entry of an order, pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtor to reject the Leases, each of which relate to Designated Excluded Locations, effective as of July 30, 2020 – the anticipated date of conversion of the Debtors' cases to chapter 7.

## BASIS FOR RELIEF

### A.   Rejection of the Leases Reflects the Debtors' Sound Business Judgment

21. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard. *See*, *e.g.*, *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 29 (3d Cir. 1982); *Data-Link Sys. Inc. v. Whitcomb & Keller Mortgage Co. (In re Whitcomb & Keller Mortgage Co., Inc.)*, 715 F.2d 375, 379 (7th Cir. 1983).

22. In the present case, the relief requested herein clearly satisfies the business judgment standard. All of the Leases to be rejected relate to Designated Excluded Locations, which the Purchaser ultimately chose not to purchase. Further, despite the Debtors' extensive

marketing efforts under the Bidding Procedures Order, the Debtors were unable to find any buyer who wished to purchase the Designated Excluded Locations and/or take assignment of the Leases. In light of these circumstances, the Leases no longer provide any benefit to the Debtors or their estates and are unnecessary and burdensome. Accordingly, based on the foregoing, the Debtors have determined, in the sound exercise of their reasonable business judgment, that rejection of the Leases is in the best interests of the Debtors' estates and creditors.

23. The Debtors seek an effective rejection date for the Leases of July 30, 2020, the date of anticipated conversion of the Debtors' cases to chapter 7. No party will be prejudiced by this relief under the circumstances.

**B.    Bankruptcy Rule 6006(f)**

24. Bankruptcy Rule 6006(f) requires that a motion to reject multiple executory contracts or unexpired leases:

    a) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b) list parties alphabetically and identify the corresponding contract or lease;

    c) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    d) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors believe that the Motion complies with these requirements.

**C.    Reservation of Rights**

25. The inclusion of a Lease on Exhibit 1 to the Proposed Order is not an admission by the Debtors that such lease is, in fact, an unexpired lease. The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Leases, and

all defenses and counterclaims to any rejection-damages claims are preserved, including without limitation defenses or counterclaims relating to a Leases' expiration or a non-debtor party's default.

## NOTICE

26. The Debtors are serving notice of the hearing on this Motion upon: (a) the Office of the United States Trustee; (b) counsel to the Debtors' pre- and post-petition secured lenders; (c) counsel to the Committee; (d) counsel to IHOP; (e) all counterparties (i.e., landlords) to the Leases; and (f) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order granting the relief sought herein and granting such other and further relief as may be just and proper.

Dated: July 29, 2020

**SAUL EWING ARNSTEIN & LEHR LLP**
*Counsel for Debtors and Debtors-in-Possession*
701 Brickell Avenue, 17th Floor
Miami, FL 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744

By:    /s/ Carmen Contreras-Martinez
        Carmen Contreras-Martinez
        Florida Bar No. 093475
        Carmen.Contreras-Martinez@saul.com

-and-

Stephen B. Ravin (*pro hac vice*)
Florida Bar No. 293768 (*inactive status*)
Aaron S. Applebaum (*pro hac vice*)
1037 Raymond Boulevard
Suite 1520
Newark, NJ 07102

Case No. 8:20-bk-03608-CPM

Telephone: (973) 286-6700
Facsimile:  (973) 286-6800
Stephen.Ravin@saul.com
Aaron.Applebaum@saul.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served on July 29, 2020 on all parties listed to receive electronic notice via transmission of Notices of Electronic Filing generated by CM/ECF and via first class U.S. mail on all parties identified on the attached Exhibit 1 "Rejected Leases."

/s/ *Carmen Contreras-Martinez*
Carmen Contreras-Martinez

37259736.1

# EXHIBIT A

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**
www.flmb.uscourts.gov

In re:
CFRA HOLDINGS, LLC                                  Case No. 8:20-bk-03608-CPM
                                                    Chapter 11

                                                    *Jointly Administered with:*
CFRA, LLC                                           Case No. 8:20-bk-03609-CPM
CFRA TRI-CITIES, LLC                                Case No. 8:20-bk-03610-CPM

     Debtors.
_____/

### ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES

**THIS MATTER** came on for hearing on _____, 2020 upon the Motion (the "**Motion**") [Docket No. __] of the above-captioned debtors and debtors-in-possession the ("**Debtors**") for entry of an order rejecting certain unexpired leases listed on **Exhibit 1** attached hereto (the "**Leases**"). The Court has considered all the pleadings submitted and the arguments of counsel in support of the Motion. Accordingly, it is

    **ORDERED:**

    1.    The Motion is GRANTED as set forth herein.

2.  The Leases set forth on **Exhibit 1** attached hereto are hereby rejected, effective as of July 30, 2020, to the extent such Leases are unexpired leases.

3.  This Order shall not be deemed to be a determination of whether any of the Leases are unexpired leases.

4.  The Debtors' estates' rights with respect to any existing defaults of the counterparties to the Leases, and all defenses and counterclaims to any rejection damages claims, are hereby preserved.

5.  This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# # #

Submitted by:

Carmen Contreras-Martinez
**SAUL EWING ARNSTEIN & LEHR LLP**
*Counsel for Debtors and Debtors-in-Possession*
701 Brickell Avenue, 17th Floor
Miami, FL 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
Email:  carmen.contreras-martinez@saul.com

(*Carmen Contreras-Martinez, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of this Order.*)

**EXHIBIT 1**
Rejected Leases

| Landlord | Location | Debtor Party |
|---|---|---|
| DDR Cotswold, LLC | 336 S. Sharon Amity Road, Charlotte, NC 28211 | CFRA, LLC |
| Mitchell Montgomery I, LLC | 1602 Haynes Street, Clarksville, TN 37043 | CFRA, LLC |
| NorthCross Land & Development, LLC | 16815 Caldwell Creek Drive, Huntersville, NC 28078 | CFRA,LLC |