UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE: CFRA HOLDINGS, LLC
    CFRA LLC (8:20-bk-03609)
    CFRA TRI-CITIES, LLC (8:20-bk-03610)
    (Jointly Administered)
    Debtors.
_____/

Case No. 8:20-BK-03608-CPM
Chapter 7

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (UNLAWFUL GENDER DISCRIMINATION CLAIM, INTER ALIA)

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of the Court at Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Suite 555, Tampa Florida 33602, and, if the moving party is not represented by an attorney, mail a copy to the moving party at Jay D. Passer, Esq., 4100 W. Kennedy Blvd., Suite 322, Tampa, FL 33609 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

    The movant, ASHLEY G. HAY, by and through her undersigned attorney, moves the Court for an Order granting relief from the automatic stay in order for her to pursue her pending claim against the debtor, CFRA TRI-CITIES, LLC, as a result of unlawful gender discrimination, inter alia, and in support hereof would respectfully show unto the Court as follows:

1. On the 6th day of May, 2020, the subject debtor entities filed their voluntary petitions under Chapter 11 of the Bankruptcy Code. The respective cases were consolidated on May 12, 2020 into Case No. 8:20-bk-03608, and thereafter converted to a jointly-administered Chapter 7 on or about August 7, 2020.

2. By the provisions of 11 U.S.C. Section 362, all persons are enjoined and stayed from commencing or continuing suit against the debtor.

3. In or around May of 2018 and thereafter, as an employee of the IHOP restaurant ("IHOP") located at 1201 East Stone Drive in Kingsport, Tennessee, the movant suffered injuries and damages as a result of IHOP's conduct, which constituted unlawful gender discrimination under the Tennessee Human Rights Act (T.C.A. Sec. 4-21-101, et seq). In addition, the movant's damage claim is predicated upon the intentional infliction of emotional distress as well as constructive discharge, as a result of the acts and/or omissions of IHOP.

4. Upon information and belief, at all times material hereto, IHOP was owned and/or operated by the debtor, CFRA Tri-Cities, LLC.

5. There is currently pending a federal lawsuit in connection with the foregoing, captioned "Ashley G. Hay, Plaintiff, vs. CFRA Tri-Cities, LLC and Alex Khoury, an individual, Defendants", filed in the United States District Court for the Eastern District of Tennessee, Northeastern Division, Case No. 2:19-CV-00197-PLR-CRW, and such action has been stayed by virtue of the instant bankruptcy filing.

6. Upon information and belief, the debtor, CFRA Tri-Cities, LLC, and/or its affiliated entities had procured a policy of liability insurance which was in full force and effect at all times relevant hereto.

7. That upon information and belief, said policy provided that the insolvency or bankruptcy of the debtor, or the insolvency of its estate, shall not release such insurance company from the payment of damages for injuries sustained during the term of and within the coverage of said policy.

8. The prosecution and liquidation of the movant's claim will not hinder, burden, delay, or be inconsistent with this case.

**WHEREFORE**, the movant respectfully requests that the stay afforded by 11 U.S.C. Section 362 be modified so as to permit her to liquidate her claim and proceed in rem as against available insurance proceeds, and for such other relief as is just and proper, including suspension of the operation of Bankruptcy Rule 4001(a)(3).

/s/ Jay D Passer
JAY D. PASSER, ESQ.
JAY D. PASSER, P.A.
4100 W. Kennedy Blvd., #322
Tampa, Florida 33609
FBN 438634
Telephone (813) 281-1103
E-mail: tbcc2@verizon.net
Attorney for Movant,
ASHLEY G. HAY

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. mail and/or via CM/ECF electronic notification on October 13, 2020 to the following: U.S. Trustee, Nathan A. Wheatley, Esq., 501 E. Polk Street, Suite 1200, Tampa, FL 33602, nathan.a.wheatley@usdoj.gov; CFRA Holdings, LLC, CFRA LLC, CFRA Tri Cities, LLC, 1340 Hamlet Ave., Clearwater, FL 33756; Carmen D. Contreras-Martinez, Esq., Saul Ewing Arnstein & Lehr, LLP, 701 Brickell Ave., #1700, Miami, FL 33131, Carmen.contreras-martinez@saul.com; Stephen B. Ravin, Esq., Saul Ewing Arnstein & Lehr, LLP, 1037 Raymond Blvd., #1520, Newark, NJ 07102; Jonathan A. Semach, Esq., Buddy D. Ford, P/A., 9301 W. Hillsborough Ave., Tampa, FL 33615, jonathan@tampaesq.com; Dawn A. Carapella, Trustee, P.O. Box 33595; Robert J. Wahl, Esq., 500 E. Kennedy Blvd., #200, Tampa, FL 33602, bob@mcintyrefirm.com.

/s/ Jay D Passer
JAY D. PASSER, ESQ.